UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Metropolitan Municipality of Lima,<br><br>    *Petitioner and Cross-Respondent*,<br><br>v.<br><br>Rutas de Lima S.A.C.,<br><br>    *Respondent and Cross-Movant*. | Case No. 20-CV-02155 (KBJ) |

### DECLARATION OF MIGUEL OYARZO VIDAL

I, Miguel Oyarzo Vidal, hereby declare and state as follows:

1. I am a Deputy General Manager for Rutas de Lima ("Rutas"). In that capacity, I am responsible for reviewing all relevant traffic data received and submitted by Rutas and I have full access to all records to make the calculations within this declaration.

2. I submit this declaration in support of Rutas' cross-motion to confirm an international arbitral award.

3. This declaration sets forth a calculation of the damages awarded in the May 11, 2020 award at issue in this case (the "Award," ECF No. 1-3), which was issued in favor of Rutas and against the Metropolitan Municipality of Lima ("MML") by an arbitral tribunal seated in Washington, D.C. (the "Tribunal").

4. The Tribunal issued the Award after it determined that MML breached its obligations to Rutas under the Concession Contract of the Vías Nuevas de Lima Project (the "Contract"), after Rutas was forced to close the New Chillón Toll Unit on the northbound section

of a highway known as Panamericana Norte following acts of social protest. *See* Award ¶¶ 98(iv), 738, 758.

**Damages from December 29, 2016 Through October 31, 2019**

5.  The Tribunal directed MML to pay Rutas a fixed amount in Peruvian Soles totaling **S/222,065,716** for damages and interest accrued from December 29, 2016 through October 31, 2019, for lost toll revenues at the New Chillón Toll Unit. *See* Award ¶ 758, subparas. 1(a)-(b), and 2(a). Specifically, the Tribunal awarded:

    a. S/936,403 for lost toll revenues at the New Chillón Toll Unit from December 29, 2016 to January 12, 2017;

    b. S/215,879,313 for lost toll revenues at the New Chillón Toll Unit from January 13, 2017 to October 31, 2019; and

    c. S/5,250,000 in accrued interest.

**Formula for Damages Beginning November 1, 2019**

6.  Because the breach by MML is ongoing, the Tribunal also directed MML to pay Rutas damages and interest for lost toll revenues at the New Chillón Toll Unit for a continuing period starting on November 1, 2019, until such time as the parties agreed to a voluntary method of compensation, Award ¶ 758, subpara. 1(c), which has not occurred.

7.  To calculate this amount, the Tribunal accepted and utilized a formula to determine the revenue from tolls that Rutas would have collected during each month going forward (the "Formula"). Award ¶ 758, subpara. 1(c).

8.  On July 6, 2020, the Tribunal issued a Rectification and Interpretation Decision (the "Rectification Decision" (Kownacki Decl., Ex. 4)) to make a correction to the Formula.

9. The Formula, which was accepted by Rutas' and MML's traffic experts, *see* Award ¶¶ 694, 707, utilizes real, ongoing traffic data from the southbound section of the Panamericana Norte highway where existing toll units are in place. From that data, the Formula applies specified calculations to determine the revenue that would have been paid on the northbound tolls at the New Chillón Toll Unit after November 1, 2019, had the toll remained operational. Award ¶¶ 692, 712, 758, subpara. 1(c).

10. The Formula accounts for toll usage and price differences for light vehicles, trucks, and buses. Award ¶ 758, subpara. 1(c); Rectification Decision ¶ 57, subparas. (a)-(b). The Formula assigns each type of vehicle a multiplier to calculate the expected northbound tolls. Rectification Decision ¶ 59, subpara. 1(c).

11. In addition, the Formula applies price elasticity rates of -0.146 for light vehicles, -0.003 for buses, and -0.013 for trucks. Award ¶¶ 707-10; Rectification Decision ¶¶ 46, 50, 57, subpara. (c). These rates are applied to account for the economic principle that a portion of vehicles presumably would not have taken a trip on the highway if the toll had been in place in both directions.

12. The Tribunal specified that the interest applied for the tolls under the Formula should consider income without the value-added-tax ("VAT"). Award ¶ 758, subpara. 2(b); Rectification Decision ¶ 59, subpara. 2(b).

13. The Tribunal also awarded interest from November 1, 2019, until full payment, on the damages awarded—specifically, on both the fixed amount of damages (S/216,815,716) and on the amounts under the Formula that will accrue monthly. Award ¶ 758, subpara. 2(b); Rectification Decision ¶ 59, subparas. 2(a)-(b). The Award instructed that interest should be applied on these

amounts at the legal interest rate in Peru. Award ¶ 758, subpara. 2(b); Rectification Decision ¶ 59, subpara. 2(b).

**Calculation of Damages Beginning November 1, 2019**

14. In conformance with its obligations and operations under the Contract, Rutas maintains records of traffic data of southbound traffic for light vehicles, trucks, and buses that pass through the Panamericana Norte section where the New Chillón Toll Unit was located. This data is collected and maintained by Rutas and reported to MML in the ordinary course of business and on a regular basis in Rutas' Monthly Reports of Operations.

15. I have reviewed this data for the period from November 1, 2019 to November 30, 2020.

16. Attached to this declaration as **Exhibit A, Table 1** is a table that applies this data to the Formula and calculates the amount of damages and interest owed to Rutas for lost toll revenues at the New Chillón Toll Unit for each month from November 1, 2019, through November 30, 2020. The monthly traffic data which were used in the calculations come from the regular reporting that Rutas provides to MML in the Monthly Reports of Operations. Excerpts from these reports showing the relevant traffic data for the relevant months are attached at **Exhibit B**.[1]

17. To arrive at the damages and interest calculations in Table 1, I have applied Rutas' traffic data within the parameters of the Formula as detailed in the Award and Rectification Decision.

   a. Specifically, per the Award and Rectification Decision, the following price elasticity rates are applied to the monthly traffic data: -0.146 for light vehicles, -.003 for buses, and -0.013 for trucks.

---

[1] No data is provided in this exhibit from June 2020, because this data was not reported in June 2020 for the reasons described below at ¶ 18.

b.  In addition, to calculate the monthly interest, I have applied the legal interest rate published for each month by the Central Reserve Bank of Peru (*see* Award ¶ 758, subpara. 2(b); Rectification Decision ¶ 59, subpara. 2(b)) to both (i) the fixed sum of damages (S/216,815,716) and (ii) the monthly damages amounts that have accrued since November 1, 2019.[2]  In accordance with Peruvian law, interest is not compounded (that is to say, no additional interest is applied to the amounts of interest that were expressly awarded in the Award through October 31, 2019, or that have subsequently accrued).

These calculations and rates are further detailed in the spreadsheets attached as **Exhibit C**.

18.  From May 10, 2020, through June 30, 2020, the Congress of Peru suspended the collection of toll fees in the country due to the COVID-19 pandemic.[3]  Though that suspension was subsequently invalidated by the Peruvian Constitutional Tribunal,[4] no toll revenues were collected on the southbound portion of the Panamerican highway during that time.  Accordingly, though Rutas maintains that it is entitled to compensation for its performance under the Contract during that period, and reserves its rights in that regard, for purposes of the present proceeding the attached calculation reflects that no toll revenues were collected for the southbound Toll Unit during that period and thus no toll revenues would have been collected for the northbound portion either.

---

[2] Banco Central de Reserva del Perú, https://www.bcrp.gob.pe/en (last visited Dec. 16, 2020).
[3] https://elcomercio.pe/politica/coronavirus-peru-congreso-publica-ley-que-suspende-el-cobro-de-peajes-en-estado-de-emergencia-por-covid-19-nndc-noticia/ (last visited Dec. 21, 2020).
[4] https://gestion.pe/economia/tribunal-constitucional-declara-inconstitucional-la-ley-que-suspende-el-cobro-de-peajes-noticia/ (last visited Dec. 21, 2020).

**Conversion into U.S. Dollars**

19. The Tribunal awarded damages to Rutas in both U.S. Dollars and Peruvian Soles. Award ¶ 758.

20. On instruction of counsel, I have converted the amounts owed to Rutas to U.S. Dollars as follows:

   a. For all conversions, I have applied the exchange rate published by the Central Reserve Bank of Peru for Peruvian Soles to U.S. Dollars applicable for the relevant period.[5]

   b. For the fixed portion of damages and interest awarded in the Award (S/222,065,716), I have applied the Central Reserve Bank's End-of-Period exchange rate for October 2019, which was 1 U.S. Dollar for 3.3474 Peruvian Soles. Thus, the total amount of damages and interest awarded under the Award as of October 31, 2019, was **US$ 66,339,761.01** (222,065,716 divided by 3.3474).

   c. I have converted the monthly sums awarded under the Formula to U.S. dollars based on the End-of-Period exchange rate applicable for each month. The total in U.S. Dollars for each month is set forth in Tables 1 and 2. *See* **Exhibit A**.

21. The Tribunal also awarded Rutas a fixed amount in U.S. Dollars totaling **US$ 2,023,070.20**, for costs related to the arbitration. Award ¶ 758, subpara. 6.

22. Accordingly, the sum of the Award in U.S. Dollars as of November 30, 2020 (the latest month with available data) totals **US$ 91,947,252.60**. *See* **Exhibit A, Table 2**.

---

[5] https://estadisticas.bcrp.gob.pe/estadisticas/series/mensuales/tipo-de-cambio-nominal (last visited Dec. 16, 2020).

\*     \*     \*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 23, 2020.

_____
Miguel Oyarzo Vidal