# Exhibit 9

# Unofficial English Translation

# DL NO. 1071
# Legislative Decree regulating arbitration

*(Effective since 1.SEP.2008)*

Web link: STATEMENT OF REASONS PDF.

**CONCORDANCES:**

- R. No. 046-2008-SEPS-CD (Approves Rules of Arbitration of the Conciliation and Arbitration Center of the Superintendency of Health Providing Entities)
- D.S. No. 016-2008-JUS (Create the Popular Arbitration Program)
- R.M. No. 0639-2008-JUS (Approves Statute and Rules of Arbitration of the People's Arbitration Center of the Ministry of Justice, as well as Tariff Table )
- LAW No. 29289, Forty-Ninth Disp. Final
- R.M. N° 0655-2008-JUS (Establish requirements and costs corresponding to the Popular Arbitration Service and the service of subscription of arbitration agreements that will be provided by the Popular Arbitration Center "Arbitra Perú")

THE PRESIDENT OF THE REPUBLIC IN

THAT:

The Congress of the Republic, by Act No. 29157, has delegated to the Executive Power the power to legislate for a period of 180 (180) calendar days, on various matters related to the implementation of the Peru-United States Trade Promotion Agreement and with the support of economic competitiveness for its use; these include the improvement of the regulatory framework, institutional strengthening, administrative simplification and modernization of the State; in this regard, it is necessary to provide the appropriate conditions to expedite the resolution of disputes that may arise within the framework of treaties and agreements signed by Peru;

In accordance with article 104 of the Political Constitution of Peru;

With the approval vote of the Council of Ministers; and,

Responsible for reporting to the Congress of the Republic;

It has issued the following Legislative Decree:

**LEGISLATIVE DECREE REGULATING ARBITRATION**

**TITLE I GENERAL**

**PROVISIONS**

**Article 1.- Scope of application.**

1. This Legislative Decree shall apply arbitrations whose place is within peruvian territory, whether national or international arbitration; without prejudice to the provisions of international treaties or agreements to which Peru is a party or laws that contain special provisions on arbitration, in which case the rules of this Legislative Decree shall be of supplementary application.

2. The rules contained in paragraphs 1, 2, 3, 5 and 6 of Article 8, Articles 13, 14, 16, 45, Paragraph 4 of Article 48, 74, 75, 76, 77 and 78 of this Legislative Decree shall apply even if the place of arbitration is outside Peru.

**Article 2.- Matters subject to arbitration.**

1. Disputes on matters of free disposition under the law, as well as those authorized by law or international treaties or agreements, may be submitted to arbitration.

2. Where the arbitration is international and one of the parties is a State or a corporation, organization or undertaking controlled by a State, that party may not invoke the prerogatives of its own law to avoid obligations arising from the arbitral agreement.

CONCORDANCES:
D.S. NO. 146-2008-EF, ART. 10, num. 10.1, inc. (a)

**Article 3.- Principles and rights of the arbitration function.**

1. In matters governed by this Legislative Decree, the judicial authority shall not intervene, except in cases where this provision so provides.

2. The arbitral tribunal is fully independent and is not subject to any order, disposition or authority that impairs its powers.

3. The arbitral tribunal has full powers to initiate and continue the processing of arbitral proceedings, to decide on its own jurisdiction and to make the award.

4. No action or mandate outside the arbitral proceedings may render the decisions of the arbitral tribunal null and void, except for subsequent judicial review by means of an application for annulment of the award provided for in this Legislative Decree. Any other judicial intervention,

intended to exercise control over the functions of the arbitrators or to interfere with arbitral proceedings prior to the award, it is subject to liability.

### Article 4.- Arbitration of the Peruvian State.

1. For the purposes of this Legislative Decree, the reference to the Peruvian State includes the National Government, the Regional Governments, the Local Governments and their respective departments, as well as the legal entities of public law, the State companies of public law, private law or mixed economy and private legal persons exercising State function by law, delegation, concession or authorization of the State.

2. Disputes arising from contracts and agreements concluded between these State entities may also be submitted to national arbitration.

3. Disputes arising from contracts concluded with nationals or foreigners domiciled in the country may be submitted to national arbitration by the State.

4. The State may also submit to international arbitration, within or outside the country, disputes arising from contracts concluded with nationals or foreigners not domiciled in the country.

5. In the case of financial activities, arbitration may take place within or outside the country, including with foreigners domiciled in the country.

### Article 5.- International Arbitration.

1. The arbitration shall be of an international character when one of the following circumstances is present:

a. If the parties to an arbitration agreement have, at the time of the conclusion of that agreement, their domiciles in different States.

b. If the place of arbitration, as determined by or under the arbitral agreement, is located outside the State in which the parties are domiciled.

c. If the place of fulfillment of a substantial part of the obligations of the legal relationship or the place with which the subject matter of the dispute has a closest relationship, is located outside the national territory, in the case of parties domiciled in Peru.

2. For the purposes of the provisions of the preceding paragraph, if any of the parties has more than one domicile, it will be the one that has a closer relationship with the arbitration agreement.

### Article 6.- Rules of Interpretation.

When a provision of this Legislative Decree:

a. Leave to the parties the power to decide freely on a matter, which shall include the power to authorize a third party, including an arbitral institution, to take such a decision.

b. Referring to the arbitration agreement or any other agreement between the parties, it shall be understood that its content is included in the provisions of the arbitration rules to which the parties have submitted.

c. It refers to a contract, it also means a legal act.

d. With regard to the claim, it shall also apply to the counterclaim, and where it relates to the defense, it shall also apply to the answer to that counterclaim, except in the cases provided for in article 46, paragraph a, and paragraph 2, paragraph a., of article 60.

e. It refers to arbitral tribunal, it means both one arbitrator and a plurality of arbitrators.

f. It refers to an award, which means, among others, both a partial award and a final settlement of the dispute.

### Article 7.- Ad hoc and institutional arbitration.

1. Arbitration may be ad hoc or institutional, as conducted by the arbitral tribunal directly or organized and administered by an arbitral institution.

2. The arbitration institutions established in the country must be legal persons, whether for profit or not. In the case of public institutions, with arbitral functions provided for or incorporated in their regulatory rules, they must register with the Ministry of Justice.

CONCORDANCES:
D.S. NO. 016-2008-JUS, CHAP. IV, num 3 (Register of Arbitration Institutions)

3. In the event of failure to appoint an arbitration institution, the arbitration shall be deemed ad hoc. The same rule applies when there is a designation that is incompatible or contradictory between two or more institutions, or when reference is made to a non-existent arbitral institution, or when the institution does not accept the appointment, unless otherwise agreed between the parties.

4. The rules applicable to an arbitration are the ones in force at the time of its commencement, unless otherwise agreed.

### Article 8.- Competence in judicial cooperation and control.

2

1. Judicial assistance in the conduct of evidence shall be exercised by the commercial subspecialist judge or, failing that, by the civil judge at the place of arbitration or at the place where the assistance is to be rendered. Where evidence is to be acted abroad, it shall be subject to treaties on taking evidence abroad or to applicable national law.

2. The court shall have jurisdiction for the adoption of precautionary measures by the commercial judge or, failing that, by the civil judge of the place where the measure is to be executed or the place where the measures are to be effective. When the interim measure is to be taken or enforced abroad, it is to treaties on the enforcement of interim measures abroad or to applicable national legislation.

3. For the enforcement of the award, jurisdiction shall be exercised by the commercial subspecialist judge or, failing that, by the civil judge of the place of arbitration or of the place where the award is to be effective.

4. The jurisdiction of the application for annulment of the award shall be the Civil Chamber subspecialized in commercial matters or, failing that, the Civil Chamber of the High Court of Justice of the place of arbitration.

5. For the recognition of foreign awards, the Civil Chamber subspecializing in commercial matters or, failing that, the Civil Chamber of the Superior Court of Justice of the domicile of the site shall be competent, or, if the person is not domiciled within Peruvian territory, the place where you have your property or where you exercise your rights.

6. For the enforcement of duly recognized foreign awards, the commercial court or, failing that, the civil court shall have jurisdiction in the place of residence or, if the person is not domiciled within Peruvian territory, the place where he has his property or where he exercises his rights.

### Article 9.- Formality of documents in collaboration and judicial control.

1. Any letter or petition addressed to a judicial authority of the Republic must be written in Spanish.

2. Any document issued outside the country that is presented to a judicial authority of the Republic must be authenticated in accordance with the laws of the country of origin of the document and certified by a Peruvian diplomatic or consular agent, or whoever acts in his capacity.

3. If the document is not written in Spanish, a simple translation into this language must be accompanied, unless the judicial authority considers, in

reason for the circumstances, that an official translation must be submitted within a reasonable time.

### Article 10.- Representation of the person legal.

1. Unless otherwise agreed or stipulated, the general manager or the equivalent administrator of a legal person is empowered by his sole appointment to enter into arbitration agreements, represent him in arbitration and exercise all the rights and powers provided for in this Legislative Decree, without any restriction, even for acts of disposal of substantive rights that are discussed in arbitral proceedings.

2. Unless otherwise agreed or stipulated, the power to conclude certain contracts also includes the power to submit to arbitration any dispute arising from such contracts.

### Article 11.- Waiver of objection.

If a Party knowing, or ought to be aware, that a rule of this Legislative Decree from which the parties may deviate has not been observed or violated, or an agreement of the parties, or a provision of the applicable arbitral rules, proceeds with arbitration and does not object to its breach as soon as possible, you will be deemed to waive objection to the award in such circumstances.

### Article 12.- Notifications and deadlines.

Unless otherwise agreed by the parties, the following provisions shall apply:

a. Any notification or communication shall be deemed to have been received on the day on which it has been delivered personally to the recipient or on which it has been delivered to the address indicated in the contract or, failing that, to the domicile or habitual residence or place of main activities. If none of these places cannot be determined after a reasonable inquiry, it shall be deemed to have been received on the day on which it has been delivered or attempted to be delivered, by registered mail or by any other means which may be recorded, at the last known address or habitual residence or place of main activities of the recipient.

b. Likewise, the notification or communication made by fax or other means of electronic, telematic or other similar telecommunications that allow the sending and receipt of letters and documents, stating that they are sent and received and that have been designated by the interested party, shall be valid.

c. The deadlines established in this Legislative Decree shall be counted from the day following the day of receipt of the notification or communication. If the last day of the period is unworking at the place where the notification or communication is received, it shall be extended until the next first working day. Los

deadlines established by days will be computed by working days. Saturdays, Sundays and holidays as well as officially declared non-working days are considered unworking days.

## TITLE II

## ARBITRAL

## AGREEMENT

### Article 13.- Content and form of the arbitration agreement.

1. An arbitral agreement is an agreement whereby the parties decide to submit to arbitration all disputes or certain disputes that have arisen or may arise between them in respect of a particular contractual or other legal relationship.

2. The arbitration agreement shall be in writing. It may take the form of a clause contained in a contract or the form of a separate agreement.

3. The arbitration agreement shall be deemed to be written when its content is recorded in any form, whether the arbitration agreement or contract has been concluded through the execution of certain acts or by any other means.

4. It shall be understood that the arbitration agreement is in writing when an electronic communication is sent and the information contained therein is accessible for further consultation. "Electronic communication" means any communication made by the parties through data messages. "Data message" means information generated, sent, received or archived by electronic, magnetic, optical or similar means, such as, among others, electronic data interchange, e-mail, telegram, telex or telefax.

5. It shall also be understood that the arbitration agreement is written when it is included in an exchange of statements of claim and defense in which the existence of an agreement is affirmed by one party, without being denied by the other.

6. A reference in a contract to a document containing an arbitration clause constitutes a written arbitral agreement, provided that such reference implies that the clause forms part of the contract.

7. Where the arbitration is international, the arbitral agreement shall be valid and the dispute shall be subject to arbitration, if they meet the requirements established by the legal rules chosen by the parties to govern the arbitration agreement, or by the legal rules applicable to the merits of the dispute, or by peruvian law.

### Article 14.- Extension del convention arbitration.

The arbitration agreement extends to those whose consent to submit to arbitration, in good faith, is determined by their active and decisive participation in the negotiation, conclusion, execution or termination of the contract comprising the arbitration agreement or to which the agreement is related. It also extends to those who seek to derive rights or benefits from the contract, according to its terms.

### Article 15.- Standard legal relations.

1. In national arbitration, arbitration agreements relating to legal relations contained in general contract clauses or accession contracts shall be enforceable only if such agreements have been known, or have been known to the person who did not draw them up, using ordinary diligence.

2. It is presumed, without admitting evidence to the contrary, that the arbitration agreement has been known in the following cases:

a. If it is included in the general conditions found in the body of the main contract and the latter is in writing and signed by the parties.

b. If it is included in the general conditions reproduced on the back of the main document, and reference is made to arbitration in the body of the main contract and the latter is in writing and signed by the parties.

c. If it is included in standard conditions separate from the main document, and references are made to the arbitration in the body of the main contract and the latter is in writing and signed by the parties.

### Article 16.- Exception de convention arbitration.

1. If a court action is filed in respect of a matter submitted to arbitration, this circumstance may be invoked as an exception to an arbitration agreement even if the arbitration has not been initiated.

2. The exception arises within the period provided for in each procedural channel, proving the existence of the arbitration agreement and, if applicable, the commencement of arbitration.

3. The exception to an arbitration agreement, whether formulated before or after the arbitration has been initiated, shall be protected by the sole merit of the existence of the arbitration agreement, except in the first case, when the agreement is manifestly null and void.

4. In international arbitration, if arbitration is not initiated, the judicial authority shall deny the exception only if it finds that the arbitration agreement is manifestly null and void

with the legal rules chosen by the parties to govern the arbitral agreement or the legal rules applicable to the merits of the dispute. However, if the arbitration agreement meets the requirements established by Peruvian law, the exception may not be refused. If arbitration is initiated, the judicial authority shall refuse the exception only if it finds that the matter is manifestly in violation of international public policy.

5. Arbitral proceedings may be initiated or continued, even at the discretion of the arbitral tribunal, the award may be rendered, even if the arbitral agreement exception is pending.

### Article 17.- Deriving judicial dispute to arbitration.

The parties on their own initiative or on the proposal of the judge, at any stage of the proceedings, may agree to refer to arbitration a dispute of a nature available under the law or when authorized by law or international treaties or agreements, for which they must conclude an arbitration agreement.

### Article 18.- Waiver of arbitration.

A waiver of arbitration is valid only if expressly or tacitly expressed. It is expressly when it is contained in a document signed by the parties, in separate documents, by exchange of documents or by any other means of communication that leaves an unequivocal record of this agreement. It is tacit when the exception of an arbitration agreement is not invoked within the corresponding period, only in respect of the matters sued by the courts.

## TITLE III

## ARBITRAT

## ORS

### Article 19.- Number of arbitrators.

The parties may freely determine the number of arbitrators in the arbitral tribunal. In the absence of agreement or in case of doubt, three arbitrators will be.

### Article 20.- Capacity.

Natural persons who are in full exercise of their civil rights may be arbitrators, provided that they are not incompatible with acting as arbitrators. Unless otherwise agreed by the parties, the nationality of a person shall not preclude him from acting as an arbitrator.

### Article 21.- Incompatibility.

Officials and public servants of the Peruvian State are incompatible to act as arbitrators within the margins established by the respective incompatibility rules.

### Article 22.- Appointment of arbitrators.

1. In national arbitration to be decided in law, it is required to be a lawyer, unless agreed in

the opposite. In international arbitration, in no case is it necessary to be a lawyer to exercise the position.

2. Where the status of an attorney is necessary to act as an arbitrator, you will not be required to be a practicing lawyer or belong to a national or foreign association or association of lawyers.

3. The arbitrators shall be appointed by the parties, by an arbitral institution or by any third party to whom the parties have conferred the assignment. The arbitration institution or the third party may request from any of the parties the information they consider necessary for the fulfillment of the order. (*) RECTIFIED BY FAITH OF ERRATA

4. Unless otherwise agreed, a party is bound by the appointment it has made of an arbitrator from the time the other party has been notified of the appointment.

5. If a party fails to appoint its arbitrator within the period established by the parties or, failing that in this Legislative Decree, the arbitration institution or the third party designated by the parties for these purposes may be appealed to or, failing that, proceed in accordance with article 23.

### Article 23.- Freedom of appointment procedure.

Without prejudice to the provisions of paragraphs d and e of this article, the parties may freely agree on the procedure for the appointment of the sole arbitrator or arbitrators or submit to the procedure contained in an arbitral rules, provided that the principle of equality is not violated. In the absence of agreement, the following rules shall apply:

a. In the case of a sole arbitrator, or where the parties have agreed that the appointment of all arbitrators or the president of the tribunal shall be made by mutual agreement between them, they shall have a period of fifteen (15) days from receipt of the request for appointment to do so.

b. In the case of three arbitrators, each Party shall appoint an arbitrator within fifteen (15) days of receiving the request to do so and the two arbitrators so appointed shall, within fifteen (15) days of the acceptance of the last arbitrator, appoint the third, who shall preside over the arbitral tribunal.

c. In the event of plurality of claimants or respondents, the claimants shall appoint by mutual agreement an arbitrator and the respondents, also by mutual agreement, shall appoint another arbitrator within fifteen (15) days of receipt of the request to do so, unless otherwise provided for in the arbitration agreement or in the applicable arbitration rules. The two arbitrators

so appointed, within the same period, they shall appoint the third party, who shall preside over the arbitral tribunal.

d. If in any of the foregoing cases one or more arbitrators are not appointed, the appointment shall be made, at the request of either party, by the Chamber of Commerce of the place of arbitration or the place of conclusion of the arbitration agreement, where the place of arbitration had not been agreed. If there is no Chamber of Commerce in such places, the appointment shall be made by the Chamber of Commerce of the nearest town.

e. In international arbitration, the appointment referred to in paragraph d. of this article shall be made by the Chamber of Commerce of the place of arbitration or by the Chamber of Commerce of Lima, when the place of arbitration has not been agreed.

### Article 24.- Failure to fulfill the order.

If the arbitral institution or the third party responsible for appointing the arbitrators fails to do so within the period determined by the parties or the applicable arbitral rules or, failing that, within fifteen (15) days of the request for intervention, he shall be deemed to refuse the assignment. In such cases, the appointment shall be made, in the absence of a different agreement between the parties, following the procedure provided for in article 23, paragraph d.

### Article 25.- Appointment by the Chambers of Commerce.

1. When, by provision of this Legislative Decree, the appointment of an arbitrator by a Chamber of Commerce shall be made by the person or body that the Chamber itself determines. In the absence of a prior determination, the decision shall be taken by the highest body of the institution. This decision is final and unchallenged.

2. In order to request the appointment of an arbitrator from a Chamber of Commerce, the interested party shall indicate the name or corporate name and address of the other party, provide a brief description of the dispute to be the subject of arbitration and prove the existence of the arbitration agreement and, if applicable, the request for arbitration made to the other party.

3. If the respective Chamber does not provide for an applicable procedure, the request shall be brought to the attention of the other Party for a period of five (5) days. Once this period has expired, the Chamber will proceed to make the appointment.

4. The Chamber of Commerce is obliged, under responsibility, to make the appointment requested by the parties in the cases contained in paragraphs d. and e. of Article 23 and Article 24, within a reasonable period of time. The Chamber only

it may reject an application for appointment if it finds that the documents provided do not result in the existence of an arbitration agreement.

5. The Chamber of Commerce shall take into account, when making an appointment, the requirements established by the parties and by law for arbitration and shall take the necessary measures to ensure its independence and impartiality.

6. In the national arbitration, the Chamber of Commerce will make the appointment following a procedure of random allocation by technological means, respecting the criteria of specialty. (*) RECTIFIED BY FAITH OF ERRATA

7. In international arbitration, in the case of the sole arbitrator or the president of the arbitral tribunal, it shall also take into account the desirability of appointing an arbitrator of a nationality other than that of the parties.

### Article 26.- Privilege in appointment.

If the arbitration agreement establishes a situation of privilege in the appointment of the arbitrators in favor of one of the parties, that stipulation is null and void.

### Article 27.- Acceptance of arbitrators.

1. Unless otherwise agreed by the parties, within fifteen (15) days of the notification of the appointment, each arbitrator shall communicate its acceptance in writing. If, within the established period, he does not communicate the acceptance, it will be understood that he does not accept his appointment.

2. Upon acceptance of the sole arbitrator or the last arbitrator, the arbitral tribunal shall be deemed validly constituted.

### Article 28.- Reasons for abstention and disqualification.

1. Every arbitrator must be and remain, during the arbitration, independent and impartial. The proposed arbitrator shall disclose all circumstances that may give rise to justified doubts as to his impartiality and independence.

2. The arbitrator, upon his appointment, shall disclose to the parties, without delay, any new circumstances. At any time during the arbitration, the parties may ask the arbitrators to clarify their relations with one of the other parties or their lawyers.

3. An arbitrator may be challenged only if there are circumstances that give rise to justified doubts as to his impartiality or independence, or if he does not possess the qualifications agreed by the parties or required by law.

4. The parties may waive the grounds for challenge which they know and in such case there shall be no challenge or challenge to the award on such grounds.

5. A party may challenge the arbitrator appointed by it, or in whose appointment it has participated, only on grounds known to it after his appointment.

### Article 29.- Recognition procedure.

1. The parties may freely agree on the procedure for the challenge of arbitrators or submit to the procedure contained in an arbitral rules.

2. In the absence of an agreement or applicable arbitral rules, the following rules shall apply:

a. The challenge must be formulated as soon as the reason for the challenge is known, with due justification of the reasons on which it is based and the submission of the relevant documents.

b. The challenged arbitrator and the other party may state what they deem appropriate within ten (10) days of notification of the challenge.

c. If the other party agrees to challenge or the arbitrator resigns, the substitute arbitrator shall be appointed in the same manner as the challenged arbitrator was appointed, unless an alternate arbitrator is appointed.

d.  If the other party does not agree to the challenge and the challenged arbitrator denies the reason or fails to rule, it shall proceed as follows:

i) In the case of sole arbitrator, the challenge is resolved by the arbitration institution that appointed him or, in the absence of such, by the corresponding Chamber of Commerce, in accordance with paragraphs d and e. of Article 23.

ii) In the case of an arbitral tribunal consisting of more than one arbitrator, the other arbitrators resolve the challenge by an absolute majority, without the vote of the challenged. In the event of a tie, the president of the arbitral tribunal decides, unless he is the challenged, in which case the arbitration institution that made the appointment or, in the absence of the appointment, the corresponding Chamber of Commerce, decides in accordance with article 23 (d) and (e).

iii) If more than one arbitrator is challenged for the same reason, the relevant Chamber of Commerce shall decide, in accordance with Article 23(d) and (e); however, if the President is not among those challenged, it is up to the latter to resolve the challenge.

3. Unless otherwise agreed, once the deadline for the issuance of an award begins, any challenge is inappropriate. However, the arbitrator must consider his waiver, under liability, if he is in a circumstance that affects his impartiality and independence.

4. The challenge process does not suspend the arbitration proceedings, except when so decided by the arbitrators.

5. The resignation of an arbitrator or the acceptance by the other party of his or her termination shall not be deemed to constitute an acknowledgment of the appropriateness of any of the grounds for challenge invoked. There is no need for challenge based on decisions of the arbitral tribunal issued during the course of the arbitral proceedings.

6. When, by provision of this Legislative Decree, the challenge to a Chamber of Commerce is resolved, the person or body determined by the Chamber itself shall do so. In the absence of a prior determination, the decision shall be taken by the highest body of the institution.

7. The decision resolving the challenge is final and unchallengeable. If the challenge formulated in accordance with the procedure agreed by the parties, the applicable arbitral rules or the one set out in this article fails, the challenging party may, where appropriate, challenge the decision only by means of an action for setting aside the award.

### Article 30.- Removal.

1.  Where an arbitrator is prevented in fact or in law from exercising his or her functions, or for any other reason fails to perform such functions within a reasonable time, he or she shall cease to be held if the parties agree to his or her removal. If there is disagreement between the parties on removal and they have not stipulated a procedure to resolve such disagreement or are not subject to arbitration rules, the decision shall be taken in accordance with the provisions of article 29, which is final and unchallengeable. Notwithstanding this, any arbitrator may be removed from office by agreement of the parties.

2. If any of the arbitrators refuses to participate in the proceedings or is repeatedly absent from the deliberations of the arbitral tribunal, the other arbitrators, once they have communicated such situation to the parties and the reluctant arbitrator, they are entitled to proceed with the arbitration and make any decision or award, notwithstanding the failure of the reluctant arbitrator to participate, unless otherwise agreed by the parties or the applicable arbitral rules. In determining whether to continue arbitration, the other arbitrators shall take into account the status of the arbitration proceedings, the reasons expressed by the reluctant arbitrator for not participating

and any other circumstances of the case that are appropriate.

3. If at any time, the other arbitrators decide to continue the arbitration without the participation of the reluctant arbitrator, they shall notify the parties of their decision. In this case, any of them may request the institution that made the appointment, or failing that, the corresponding Chamber of Commerce in accordance with paragraphs d) and e) of article 23, the removal of the reluctant arbitrator and his replacement in accordance with paragraph 1 of this article.

### Article 31.- Substitute arbitrator.

1. Unless otherwise provided in this Legislative Decree, in the absence of agreement between the parties, the procedure initially provided for the appointment of the replaced arbitrator is followed.

2. Upon the vacancy of an arbitrator, the arbitration proceedings shall be suspended until a substitute arbitrator is appointed, unless the parties decide to continue with the arbitration with the remaining arbitrators, depending on the circumstances of the case.

3. After the reconstitution of the arbitral tribunal, the arbitral proceedings shall continue from the point at which the proceedings were suspended. However, in the event of the replacement of a sole arbitrator or the president of the arbitral tribunal, the latter decide in their sole discretion whether it is necessary to repeat all or some of the preceding proceedings. In the event of the replacement of any other arbitrator, the arbitral tribunal decides.

### Article 32.- Responsibility.
Acceptance obliges the arbitrators and, where appropriate, the arbitration institution, to fulfill the order, incurring, if they do not, liability for damages caused by intent or inexcusable fault.

### TITLE IV

### ARBITRATION

### PROCEEDINGS

### Article 33.- Beginning of arbitration.
Unless otherwise agreed by the parties, arbitral proceedings in respect of a particular dispute shall begin on the date of receipt of the request to submit a dispute to arbitration.

### Article 34.- Freedom of regulation of actions.

1. The parties may freely determine the rules to which the arbitral tribunal is subject in its proceedings. In the absence of an agreement or any applicable arbitral rules, the arbitral tribunal shall decide the rules it considers most appropriate in the

light of the circumstances of the case.

2. The arbitral tribunal shall treat the parties equally and give each party sufficient opportunity to assert its rights.

3. If there is no applicable provision in the rules approved by the parties or by the arbitral tribunal, the rules of this Legislative Decree may be applied on a supplementary basis. If there is no applicable rule in this Legislative Decree, the arbitral tribunal may, at its discretion, have recourse to arbitration principles and customs in arbitral matters.

4. The arbitral tribunal may, at its discretion, extend the time limits it has established for arbitral proceedings, even if those time limits are expired.

### Article 35.- Place of arbitration.

1. The parties may freely determine the place of arbitration. In the absence of agreement, the arbitral tribunal shall determine the place of arbitration, taking into account the circumstances of the case and the desirability of the parties.

2. Without prejudice to the preceding subparagraph, the arbitral tribunal may, after consultation with the parties, meet at any place it deems appropriate to hear witnesses, experts or parties, or to examine or recognize objects, documents or persons. The arbitral tribunal may conduct deliberations at any place it deems appropriate.

### Article 36.- Language of arbitration.

1. The parties may freely agree on the language or languages to be used in arbitral proceedings. In the absence of an agreement, the arbitral tribunal shall determine the language or languages of the arbitration, taking into account the circumstances of the case. Unless otherwise provided in the agreement of the parties or in the decision of the arbitral tribunal, the language or languages established shall be used in the parties' submissions, hearings, awards and decisions or communications of the arbitral tribunal.

2. The arbitral tribunal may order that, without the need for translation, any document be provided or any action taken in a language other than that of arbitration, unless opposed by one of the parties.

### Article 37.- Representation.

1.  The parties may appear in person before the arbitral tribunal, or be represented by counsel, or by any other person with written permission. (*) RECTIFIED BY FAITH OF ERRATA

2. The representation conferred to act within an arbitration authorizes the representative to exercise all rights and powers provided for in this Legislative Decree without restriction, including for acts of substantive rights disposition discussed in the arbitration proceedings, unless otherwise provided.

3. Legal persons are governed by the provisions of article 10 and may delegate their powers to a lawyer or any other person with written permission.

4. There is no restriction on the participation of foreign lawyers.

### Article 38.- Good faith.

The parties are obliged to observe the principle of good faith in all their acts and interventions in the course of arbitral proceedings and to cooperate with the arbitral tribunal in the conduct of arbitration.

### Article 39.- Demand and and Response.

1. Within the time limit agreed by the parties or determined by the arbitral tribunal and unless the parties have agreed otherwise as to the content of the claim and the defense, the claimant shall argue the facts on which it is based, the nature and circumstances of the dispute and the claims it makes and the respondent shall establish its position with respect to what is raised in the claim.

2. The parties shall, in making their claim and reply, provide any documents they consider relevant or refer to the documents or other evidence to be submitted or proposed.

3. Unless otherwise agreed, in the course of the proceedings, either party may amend or extend its claim or defense, unless the arbitral tribunal considers that it is inappropriate to allow such modification owing to the delay with which it was made, the injury that it may cause to the other party or any other circumstances. The content of the modification and the extension of the demand or reply must be included within the scope of the arbitration agreement.

4. Unless otherwise agreed, the arbitral tribunal may not order the consolidation of two or more arbitrations or order joint hearings.

### Article 40.- Jurisdiction of the court arbitration.

The arbitral tribunal is competent to to know the merits of the dispute and to decide on any related and ancillary issues that are promoted during the arbitral proceedings, as well as to issue the rules

complementary for the proper driving and development of them.

### Article 41.- Competence to decide on the jurisdiction of the arbitral tribunal.

1. The arbitral tribunal has sole jurisdiction to decide on its own jurisdiction, including exceptions or objections to arbitration relating to non-existence, nullity, nullity, nullity, invalidity or ineffectiveness of the arbitral agreement or because arbitration is not agreed to resolve the disputed matter or any other matter whose assessment prevents entry into the merits of the dispute. Exceptions for limitation, expiry, res judicata and any other exceptions intended to prevent the continuation of arbitral proceedings are covered in this area.

2. An arbitration agreement which forms part of a contract shall be considered as an agreement independent of the other provisions of the contract. The non-existence, nullity, annulment, invalidity or ineffectiveness of a contract containing an arbitration agreement does not necessarily imply the non-existence, nullity, nullity, invalidity or ineffectiveness of the contract. Consequently, the arbitral tribunal may decide on the dispute submitted to its attention, which may concern, including, the non-existence, nullity, annulment, invalidity or ineffectiveness of the contract containing an arbitration agreement.

3. Exceptions or objections must be opposed no later than at the time of submission of the answer, without the fact that they have appointed or participated in the appointment of the arbitrators precludes them from being opposed. An exception or objection based on the fact that the arbitral tribunal has exceeded its jurisdiction should be opposed as soon as it is raised during the arbitral proceedings, any matter that is alleged to exceed its jurisdiction. The arbitral tribunal may only admit exceptions or objections raised subsequently if the delay is justified. The arbitral tribunal may, however, consider these matters on its own initiative at any time.

4. Unless otherwise agreed, the arbitral tribunal shall decide on such exceptions or objections prior to or in conjunction with other matters referred to its decision on the merits of the dispute. If the arbitral tribunal dismisses the objection or objection, either as a preliminary matter or in the final award of the dispute, its decision may be challenged only by means of an application for set aside against the award.

5. If the arbitral tribunal protects the exception as a preliminary matter, it shall declare itself incompetent and order the termination of the arbitral proceedings.
This decision may be challenged by means of an action for annulment. Whether the arbitral tribunal protects the exception as a preliminary issue in respect of

10

certain matters, the arbitral proceedings shall continue in respect of the other matters and the decision may be challenged only by means of an application for annulment after the award finally resolving the dispute has been issued.

### Article 42.- Hearings.

1. The arbitral tribunal shall decide whether hearings should be held for the presentation of arguments, the performance of evidence and the rendering of conclusions, or whether the proceedings shall be in writing only. However, the arbitral tribunal shall hold hearings at the appropriate stage of the proceedings, at the request of one of the parties, unless they have agreed that hearings will not be held.

2. Parties shall be summoned to all hearings sufficiently in advance and may speak directly or through their representatives.

3. Unless otherwise agreed by the parties or decided by the arbitral tribunal, all hearings and meetings shall be closed.

4. All written arguments, documents and other information that a party contributes to the arbitral tribunal shall be made known to the other party. Likewise, any other material belonging to the dispute that is delivered to the arbitral tribunal by the parties or by any third party and on which they may base their decision shall be made available to the parties.

### Article 43.- Evidence.

1. The arbitral tribunal has the power to determine exclusively the admission, relevance, performance and value of evidence and to order at any time the presentation or performance of such evidence as it deems necessary.

2. The arbitral tribunal also has the power to dispense with substantiated evidence offered and unacted, depending on the circumstances of the case.

### Article 44.- Experts.

1. The arbitral tribunal may appoint, on its own initiative or at the request of one of the parties, one or more experts to rule on specific matters. It shall also require any party to provide the expert with all relevant information by submitting or facilitating access to the necessary documents or objects.

2. After the expert opinion has been submitted, the arbitral tribunal, on its own initiative or on the initiative of a party, shall convene the expert to a hearing at which the parties, directly or assisted by experts, may present their opinions

observations or request that it support the work it has developed, unless otherwise agreed by the parties.

3. The parties may provide expert opinions by freely appointed experts, unless otherwise agreed.

### Article 45.- Judicial collaboration.

1. The arbitral tribunal, or any party with its approval, may request judicial assistance in the conduct of evidence, accompanied by copies of the document proving the existence of the arbitration and of the decision authorizing the interested party to have recourse to such assistance; where appropriate.

2. Such assistance may take the form of evidence before the competent judicial authority under its sole direction or the adoption by that authority of the specific measures necessary to enable the evidence to be brought before the arbitral tribunal.

3. Unless the evidence is manifestly contrary to public policy or to explicit prohibitive laws, the competent judicial authority shall confine itself to complying, without delay, with the request for assistance; without entering to qualify about its origin and without admitting any opposition or remedy against the decision that it dictates for these purposes.

4. In the event of statements before the competent judicial authority, the arbitral tribunal may, if it deems it appropriate, hear such statements, having the opportunity to ask questions.

### Article 46.- Reluctant part.

Unless otherwise agreed by the parties, when without giving sufficient cause at the discretion of the arbitral tribunal:

a. The claimant fails to file his claim in time, the arbitral tribunal shall terminate the proceedings, unless, after hearing the respondent, the latter expresses its willingness to pursue any claim.

b. The respondent fails to submit his answer in time, the arbitral tribunal shall continue the proceedings, without such omission being considered as an acceptance of the claimant's allegations.

c. A party fails to attend a hearing, does not present evidence or fails to exercise its rights at any time, the arbitral tribunal may continue the proceedings and make the award on the basis of the evidence available to it.

### Article 47. Precautionary measures.

1. Once constituted, the arbitral tribunal may, at the request of either party, adopt

11

such precautionary measures as it considers necessary to guarantee the effectiveness of the award, and may require such guarantees as it deems appropriate to ensure compensation for the damages that may be caused by the execution of the measure.

2. Interim measure shall mean any temporary measure, contained in a decision whether or not in the form of an award, whereby, at any time prior to the issuance of the award finally resolving the dispute, the arbitral tribunal orders a party to:

a. To maintain or restore the status quo pending resolution of the dispute;

b. To take measures to prevent any current or imminent damage or impairment of the arbitral process, or to refrain from carrying out certain acts that would likely cause such damage or impairment to the arbitral process;

c. Provide some means of preserving property that would enable the enforcing of the subsequent award; or

d. That preserves evidence that may be relevant and relevant to resolving the dispute.

3. The arbitral tribunal shall, before deciding, inform the other party of the request. It may, however, issue an interim measure without the need to inform the other Party, where the requesting Party justifies the need not to do so to ensure that the effectiveness of the measure is not frustrated. Once the measure has been implemented, the decision may be reconsidered.

4. Interim relief requested from a judicial authority prior to the constitution of the arbitral tribunal is not inconsistent with or regarded as a waiver of arbitration. Once the measure has been executed, the beneficiary party shall initiate arbitration within ten (10) days, if it has not done so in advance. If it does not do so within this period or having complied with it, the arbitral tribunal is not constituted within the nineties
(90) days after the measure has been issued, the measure expires in full law.

5. Once the arbitral tribunal is constituted, either party may inform the judicial authority of this fact and request that the case file of interim proceedings be referred to the court. The judicial authority is obliged, under responsibility, to refer it in the state in which it is located, without prejudice to the possibility of either party submitting to the arbitral tribunal a copy of the proceedings of the interim proceedings. The delay of the judicial authority in the transfer does not prevent the arbitral tribunal from ruling on the interim measure requested, ordered or challenged. In the latter case, the arbitral tribunal shall proceed with the decision

appeal filed under the terms of a reconsideration against the interim measure.

6. The arbitral tribunal has the power to amend, replace and rescind interim measures ordered by it as well as interim measures ordered by a judicial authority, including in the case of final court decisions. This decision may be taken by the arbitral tribunal, either on the initiative of one of the parties or, in exceptional circumstances, on its own initiative, after notification to them.

7. The arbitral tribunal may require any party to disclose, without delay, any material change occurring in the circumstances that prompted the measure to be requested or ordered.

8. The applicant for an interim measure shall be liable for the costs and damages caused by such interim measure to either party, provided that the arbitral tribunal subsequently determines that, in the circumstances of the case, the measure should not have been granted. In such a case, the arbitral tribunal may, at any time during the proceedings, order the applicant to pay the costs and damages.

9. In international arbitration, the parties during the course of proceedings may also request the competent judicial authority, with the consent of the arbitral tribunal, to take such interim measures as they deem appropriate.

**Article    48.-    Implementation de interim measures ordered by the arbitral tribunal.**

1. The arbitral tribunal may, at the request of a party, enforce its interim measures unless, in its sole discretion, it considers it necessary or appropriate to require the assistance of the security forces.

2. In cases of failure to comply with the precautionary measure or when judicial enforcement is required, the interested party shall apply to the competent judicial authority, which on the merit of the copies of the document proving the existence of the arbitration and the precautionary decision, it shall proceed to execute the measure without admitting any remedies or opposition.

3. The judicial authority has no jurisdiction to interpret the content or scope of the interim measure. Any request for clarification or clarification of these or of precautionary enforcement shall be requested by the judicial authority or by the parties to the arbitral tribunal. Once the measure has been executed, the judicial authority shall inform the arbitral tribunal and transmit certified copies of the proceedings.

4. Any interim measure ordered by an arbitral tribunal whose place is outside the arbitral tribunal

peruvian territory may be recognized and executed in the national territory, with the provisions of articles 75, 76 and 77 being applicable, with the following particularities:

a. The application for recognition may be refused only on grounds a, b, c and d of article 75, paragraph 2, or if the provisions of paragraph d of this paragraph are not complied with.

b. The party requesting recognition of the interim measure must submit the original or copy of the decision of the arbitral tribunal, and must comply with the provisions of article 9.

c. The time limits provided for in paragraphs 2 and 3 of Article 76 shall be ten (10) days.

d. The judicial authority may require the requesting Party to provide adequate security when the arbitral tribunal has not yet ruled on such security or where such security is necessary to protect the rights of third parties. If the application for recognition is not complied with, the judicial authority may reject the application for recognition.

e. The judicial authority dealing with the enforcement of the interim measure may reject the request, if the interim measure is incompatible with its powers, unless it decides to reformulate the measure to bring it into line with its own powers and procedures in order to enable it to be enforced; without modifying its content or denaturalizing it.

### Article 49.- Reconsideration.

1. Decisions of the arbitral tribunal, other than the award, may be reconsidered at the initiative of one of the parties or the arbitral tribunal, for duly reasoned reasons, within the time limit established by the parties, by the applicable arbitral rules or by the arbitral tribunal. In the absence of a determination of the deadline, the review must be submitted within three (3) days of the notification of the decision.

2. Unless otherwise agreed, this review does not suspend the execution of the decision.

### Article 50.- Transaction.

1. If, during the arbitral proceedings, the parties reach an agreement that resolves the dispute in whole or in part, the arbitral tribunal shall terminate the proceedings with respect to the agreed points and, if both parties so request and the arbitral tribunal finds no reason to object, it shall record that agreement in the form of an award on the terms agreed upon by the parties without the need for reasons, with the award as effective as any other award made on the merits of the dispute.

2. The proceedings shall continue with respect to those ends of the dispute which have not been agreed upon.

### Article 51. Confidentiality.

1. Unless otherwise agreed, the arbitral tribunal, the registrar, the arbitral institution and, where appropriate, witnesses, experts and any other party involved in the arbitral proceedings shall be obliged to maintain confidentiality as to the course of the proceedings, including the award; as well as any information they know through such actions, under responsibility.

2. This duty of confidentiality also extends to the parties, their representatives and legal advisers, except when by legal requirement it is necessary to make public the proceedings or, where appropriate, the award to protect or enforce a right or to bring an action for annulment or to enforce the award in court.

3. In all arbitrations governed by this Legislative Decree in which the Peruvian State is involved as a party, the arbitration proceedings shall be subject to confidentiality and the award shall be public, once the proceedings have been completed.

### TITLE V AWARD

### Article 52.- Adoption of decisions.

1. The arbitral tribunal operates with the concurrence of most arbitrators. Any decision shall be taken by a majority, unless the parties have otherwise agreed. If there is no majority, the decision will be taken by the president.

2. Arbitrators are required to vote on all decisions. If they do not do so, they are considered to adhere to the majority decision or to that of the president, as appropriate.

3. Unless otherwise agreed by the parties or the arbitrators, the President may decide on his own questions of arrangement, processing and conduct of arbitral proceedings.

### Article 53.- Term.
The dispute must be decided and notified within the time limit established by the parties, by the applicable arbitral rules or, failing that, by the arbitral tribunal.

### Article 54.- Awards.
Unless otherwise agreed by the parties, the arbitral tribunal shall decide the dispute in a single award or as many partial awards as it deems necessary.

### Article 55. Form of the award.

1. Any award shall be in writing and signed by the arbitrators, who may express their dissenting opinion. Where there is more than one arbitrator, the signatures of the majority of the members or only the signatures of the chairman, as appropriate, shall be sufficient, provided that the reasons for the lack of one or more signatures are stated.

2. For these purposes, the award shall be deemed to be in writing when its contents and signatures are recorded and accessible for further consultation in electronic, optical or other form.

3. It is understood that the arbitrator who does not sign the award or give his dissenting opinion adheres to the majority decision or that of the president, as appropriate.

**Article 56. Content of the award.**

1. Any award shall be reasoned, unless the parties have agreed otherwise or in the case of an award rendered in the terms agreed upon by the parties pursuant to Article 50, the award shall include the date on which it was rendered and the place of arbitration determined in accordance with paragraph 1 article 35 1: the award is considered to have been rendered in that place.

2. The arbitral tribunal shall decide on the assumption or distribution of the costs of arbitration, as provided for in article 73.

**Article 57.- Rules applicable to the merits of the dispute.**

1. In domestic arbitration, the arbitral tribunal shall decide on the merits of the dispute, in accordance with law.

2. In international arbitration, the arbitral tribunal shall decide the dispute in accordance with the legal rules chosen by the parties as applicable to the merits of the dispute. Any indication of the law or legal order of a given State shall be understood to be re. it is, unless otherwise stated, to the substantive law of that State and not to its conflict of laws rules. If the parties do not indicate the applicable legal rules, the arbitral tribunal shall apply those rules it deems appropriate.

3. In any of the cases provided for in paragraphs 1 and 2 of this article, the arbitral tribunal shall decide in equity or conscience only if the parties have expressly authorized it to do so.

4. In all cases, the arbitral tribunal shall decide in accordance with the terms of the contract and shall take into account the applicable practices and practices.

**Article 58.- Rectification, interpretation, integration and exclusion of the award.**

1. Unless otherwise agreed by the parties or other provision of the applicable arbitral rules:

a. Within fifteen (15) days of notification of the award, either party may request rectification of any miscalculation, transcription, typographical or computer error or of a similar nature.

b. Within fifteen (15) days of notification of the award, either party may request an interpretation of any obscure, inaccurate or doubtful matter expressed in or influencing the determining part of the award in determining the scope of enforcement.

c. Within fifteen (15) days of the notification of the award, either party may request the award to be incorporated on the grounds that it has failed to resolve any aspect of the dispute referred to and decided by the arbitral tribunal.

d. Within fifteen (15) days of notification of the award, either party may request the exclusion of the award of any matter that has been the subject of rendering, without being subject to the knowledge and decision of the arbitral tribunal or not subject to arbitration.

e. The arbitral tribunal shall bring the request to the attention of the other party for fifteen (15) days. Upon expiry of the said period, with or without the acquittal, the arbitral tribunal shall decide on the request within fifteen (15) days. This period may be extended at the initiative of the arbitral tribunal for an additional fifteen (15) days.

f. The arbitral tribunal may also proceed on its own initiative to rectify, interpret or integrate the award within ten (10) days of notification of the award.

2. Rectification, interpretation, integration and exclusion shall form part of the award. No reconsideration is required against this decision. The notification of these decisions must be made within the period agreed by the parties, established in the applicable arbitral rules or, failing that, in this article.

3. If the arbitral tribunal fails to rule on the rectification, interpretation, integration and exclusion requested within the period agreed upon by the parties, established in the applicable arbitral rules or, failing that, in this article, the request shall be deemed to have been rejected. Any decision on rectification, interpretation, integration and exclusion of the award that is notified after the deadline shall not take effect.

**Article 59.- Effects of the award.**

1. Any award is final, unappealable and binding upon notification to the parties.

2. The award produces res judicata effects.

3. If the obligated party fails to comply with the order of the award, in the form and within the time limits set, or failing that, within fifteen (15) days of notification of the award or with the corrections, interpretations, integrations and exclusions of the award, where applicable; the party concerned may request enforcement of the award from the competent judicial authority, unless article 67 applies.

### Article 60.- Termination de the proceedings.

1. The arbitral proceedings shall terminate and the arbitral tribunal shall cease to function with the award definitively resolving the dispute and, where appropriate, with the corrections, interpretations, integrations and exclusions of the award, without prejudice to the provisions of Article 67.

2. The arbitral tribunal shall also order the termination of the proceedings:

a. Where the claimant withdraws from his claim, unless the respondent objects to it and the arbitral tribunal recognizes him a legitimate interest in obtaining a final settlement of the dispute.

b. When the parties agree to terminate the proceedings.

c. Where the arbitral tribunal finds that the continuation of the proceedings is unnecessary or impossible.

### Article 61.- Conservation de the proceedings.

1. After the expiry of the period specified by the parties for this purpose or, failing that, that of three (3) months from the termination of the proceedings, the obligation of the arbitral tribunal to retain the documentation of the arbitration shall cease. Within that period, either party may request the arbitral tribunal to forward the documents submitted by it. The arbitral tribunal shall accede to the request provided that it does not infringe the secrecy of the arbitration and that the applicant bears the corresponding costs.

2. Either party may also request, at its own expense, that the proceedings be transferred in custody to the Chambers of Commerce or arbitral institutions that offer services of preservation and archiving of arbitration proceedings.

3. If an application for setting aside the award is filed, the arbitral tribunal has the obligation to retain the original proceedings and to issue such copies as may be requested by the interested party, at their cost. Once the remedy is finally resolved, paragraphs 1 and 2 of this article shall apply, provided that the proceedings must not be resumed or that they must not be handed over to a new arbitral tribunal or the judicial authority to resolve the dispute.

## TITLE VI

## NULLIFICATION AND ENFORCEMENT OF THE AWARD

### Article 62.- Appeal for annulment.

1. An action for annulment may only be lodged against the award. This remedy constitutes the only remedy for challenging the award and is aimed at reviewing its validity on the grounds specified in Article 63.

2. The appeal is resolved by declaring the validity or invalidity of the award. It is forbidden, under responsibility, to rule on the merits of the dispute or on the content of the decision or to qualify the criteria, motivations or interpretations set forth by the arbitral tribunal.

### Article 63.- Causes of annulment.

1. An award may be set aside only if the party seeking set aside alleges and proves:

a. That the arbitration agreement is non-existent, null, void, invalid or ineffective.

b. That one of the parties has not been duly notified of the appointment of an arbitrator or of the arbitral proceedings, or has been unable for any other reason to assert its rights.

c. That the composition of the arbitral tribunal or arbitral proceedings has not been in conformity with the agreement between the parties or the applicable arbitral rules, unless such agreement or provision conflict with a provision of this Legislative Decree from which the parties cannot deviate, or in the absence of said agreement or regulation, which have not been in conformity with the provisions of this Legislative Decree.

d. That the arbitral tribunal has ruled on matters not subject to its decision.

e. That the arbitral tribunal has ruled on matters that, according to law, are manifestly not subject to arbitration, in the case of national arbitration.

f. According to the laws of the Republic, the subject matter of the dispute is not subject to arbitration or the award is contrary to international public policy, in the case of international arbitration.

15

g. That the dispute has been decided outside the period agreed by the parties, provided for in the

arbitral rules applicable or established by the arbitral tribunal.

2. The grounds provided for in subparagraphs a, b, c and d of paragraph 1 of this article shall be appropriate only if they were the subject of an express complaint before the arbitral tribunal by the party concerned and were rejected.

3. In the case of the grounds provided for in paragraphs d. and e. of paragraph 1 of this article, the annulment will only affect matters not submitted to arbitration or not subject to arbitration, provided that they can be separated from the others; otherwise, the annulment will be total. Likewise, the grounds provided for in subparagraph E may be assessed ex officio by the High Court which hears the application for annulment.

4. The grounds provided for in subparagraph (g) of paragraph 1 of this article shall be applicable only if the party concerned has made it unequivocal in writing to the arbitral tribunal and its conduct in subsequent arbitral proceedings is not inconsistent with this claim.

5. In international arbitration, the grounds provided for in paragraph 1 a. of this article shall be assessed in accordance with the legal rules chosen by the parties to govern the arbitration agreement, by the legal rules applicable to the merits of the dispute, or by Peruvian law, what is more favorable to the validity and effectiveness of the arbitration agreement.

6. In international arbitration, the grounds provided for in subparagraph f. may be assessed ex officio by the High Court which hears the application for annulment.

7. The award should not be set aside if the grounds invoked could be remedied by correction, interpretation, integration or exclusion of the award and the interested party failed to comply with the request.

8. When none of the parties to the arbitration is of Peruvian nationality or has their domicile, habitual residence or place of principal activities in Peruvian territory, it may be expressly agreed to waive the remedy of annulment or to limit such recourse to one or more grounds established in this article. If the parties have waived the remedy for annulment and the award is intended to be enforced in Peruvian territory, the provisions of Title VIII.

### Article 64.- Procedure of the appeal.

1. The application for annulment is lodged with the competent High Court within twenty (20) days of the notification of the award. Where the award has been requested to be rectified, interpreted, integrated or excluded, or if any

at the initiative of the arbitral tribunal, the application for annulment shall be lodged within twenty (20) days of the last decision on these issues being notified or after the period for resolving them has elapsed, without the arbitral tribunal having decided.

2. The action for annulment must contain a precise indication of the grounds or grounds for annulment duly substantiated and attested by the appropriate evidence. Only documents may be offered. The parties may submit the relevant copies of the arbitral proceedings in their possession. Exceptionally and for reasonable reasons, the parties or the Court may request that the arbitral tribunal submit the relevant copies of such proceedings, and the original documentation does not need to be sent. Likewise, the remedy for annulment must contain any other requirement that has been agreed upon by the parties to ensure compliance with the award.

3. The competent High Court shall decide on the admission of the appeal within ten (10) days following, except in the case provided for in paragraph 4 of Article 66, in which the procedure established therein must be fulfilled. Once the application for annulment has been admitted for processing, the other party shall be sent for a period of twenty (20) days to state what it deems appropriate and to offer the corresponding means of evidence. Only documents may be offered.

4. Once the period for acquitting the transfer has expired, the date for hearing the case shall be indicated within twenty (20) days following. At the hearing of the case, the competent High Court may suspend the proceedings for a period not exceeding six
(6) months in order to give the arbitral tribunal the opportunity to resume arbitral proceedings or to take any other action which, in the arbitrators' judgment, eliminates the grounds for the appeal for annulment. Otherwise, it will resolve within twenty (20) days following.

5. Appeals to the Civil Division of the Supreme Court against the decisions of the High Court are only applicable if the award has been annulled in whole or in part.

### Article 65.- Consequences de the annulment.

1. Once the award has been set aside, it shall proceed as follows:

a. If the award is set aside on the grounds provided for in article 63, paragraph 1, subparagraph a., the subject matter that was the subject of arbitration may be sued in court, unless the parties agree otherwise. b.
If the award is set aside on the grounds provided for in subparagraph

b. under article 63, paragraph 1, the arbitral tribunal must resume arbitration from the moment

17

in which the gross violation of the right of defense was committed.

c. If the award is set aside on the grounds provided for in article 63, paragraph 1, subparagraph c., the parties shall reappoint arbitrators or, where appropriate, the arbitral tribunal must restart the arbitration in the state in which the parties' agreement, the rules or the applicable rule were not observed.

d. If the award, or part thereof, is set aside on the grounds provided for in article 63, paragraph 1, subparagraph d., the matter not submitted to arbitration may be subject to rearbitration, if it is covered by the arbitration agreement. Otherwise, the matter may be sued in court, unless the parties agree otherwise.

e. If the award, or part of it, is set aside on the grounds provided for in article 63, paragraph 1, subparagraph e., the matter not subject to arbitration may be sued.

f. If the award is set aside on the grounds provided for in article 63, paragraph 1, subparagraph g., a new arbitration may be initiated, unless the parties agree to compose a new arbitral tribunal to resolve the dispute on the basis of the proceedings or, in the case of domestic arbitration, within fifteen (15) days after the decision annulling the award has been notified, they decide by agreement that the High Court that heard the annulment appeal shall rule on the merits of the dispute in a single instance.

2. The annulment of the award does not prejudice the evidence produced in the course of arbitral proceedings, which may be assessed at the discretion of the arbitral tribunal or, where appropriate, by the judicial authority.

### Article 66.- Guarantee of Compliance.

1. The filing of an appeal for annulment does not suspend the obligation to comply with the award or its arbitral or judicial enforcement, except where the party challenging the award requests the suspension and meets the requirement of the security agreed by the parties or set forth in the applicable arbitral rules. When considering the admission of the appeal, the High Court shall verify compliance with the requirement and, if necessary, grant the stay.

2. If no requirement has been agreed upon, at the request of a party, the High Court shall grant the suspension, if a joint and several bank bond is constituted, unconditioned and automatic in favor of the other party with a validity of not less than six (6) months renewable for the entire duration of the proceedings and for an amount equivalent to the value of the conviction contained in the award.

3. If the conviction, in whole or in part, is purely declarative or is not valuable in money or if it requires liquidation or determination other than a mathematical operation, the arbitral tribunal may specify a reasonable amount in the award for the creation of the bank bond under the same conditions referred to in the preceding paragraph, as a requirement for the suspension of enforcement, unless the parties agree otherwise.

4. The contesting party may request the determination of the amount of the bank bond provided for in the preceding paragraph from the High Court hearing the appeal, when the arbitral tribunal has not determined it. He may also apply for graduation if he does not agree with the determination made by the arbitral tribunal. The Superior Court after giving transfer to the other party for three (3) days, shall fix the final amount in a decision without impeachable.

5. The security lodged must be renewed before its expiry while the appeal is pending, subject to notice of enforcement of the award. To this end, the High Court, at the request of the interested party, if appropriate, shall inform the financial institutions to facilitate the renewal.

6. If the remedy for annulment is dismissed, the Superior Court, under responsibility, shall deliver the bank bond to the party that prevents the remedy. Otherwise, under responsibility, he shall return it to the party who filed the appeal.

### Article 67.- Arbitral execution.

1. At the request of a party, the arbitral tribunal has the power to enforce its awards and decisions, provided that the parties agree or are provided for in the applicable arbitral rules.

2. Exceptions are made in the case in which, at its sole discretion, the arbitral tribunal considers it necessary or appropriate to require the assistance of the security forces. In this case, it shall cease its functions without incurring liability and shall provide the interested party, at its expense, with copies of the corresponding actions for recourse to the competent judicial authority for the purpose of execution.

### Article 68.- Judicial execution.

1. The interested party may request enforcement of the award before the competent judicial authority, accompanied by a copy of the award and its corrections, interpretations, integrations and exclusions and, where appropriate, of the enforcement proceedings carried out by the arbitral tribunal.

2. The judicial authority, on the merit of the documents referred to in the preceding paragraph, will issue an execution order so that the executed party fulfills its obligation within a

period of five (5) days, under warning of forced execution.

3. The executed party may object only if it proves with documents that the required obligation is fulfilled or that the execution of the obligation is suspended pursuant to Article 66.The judicial authority shall transmit the opposition to the other party for a period of five (5) days. Upon expiry of this period, it shall resolve within five (5) days following. The decision declaring the opposition to be justified is subject to appeal with suspensive effect.

4. The judicial authority is prohibited, under responsibility, from granting remedies that impede the enforcement of the award.

## TITLE VII

## ARBITRATION

## COSTS

### Article 69. Freedom to determine costs.

The parties have the power to adopt, either directly or by reference to arbitration rules, rules relating to the costs of arbitration. In the absence of an agreement, the arbitral tribunal shall make the appropriate provision, subject to the provisions of this Title.

### Article 70.- Costs.

The arbitral tribunal shall set the costs of the arbitration in the award. The costs of arbitration include:

a. Fees and expenses of the court arbitration.

b. The fees and expenses of the registrar.

c. The administrative expenses of the arbitration institution.

d. The fees and expenses of experts or any other assistance required by the arbitral tribunal.

e. Reasonable expenses incurred by the parties for their defense in the arbitration.

f. Other reasonable expenses incurred in the arbitral proceedings.

### Article 71.- Court fees arbitration.

The fees of the arbitral tribunal and the registrar, if any, shall be established in a reasonable manner, taking into account the amount in dispute, the size and complexity of the case, the time spent by the arbitrators, the conduct of the arbitration proceedings, and the extent to which the arbitral tribunal is held. as well as the arbitration customs and customs and any other relevant circumstances of the case.

### Article 72. Advances.

19

1. Once constituted, the arbitral tribunal may require each party to provide an advance of the costs provided for in article 70.In the course of the proceedings, the arbitral tribunal may require additional advances from the parties. Advances shall be borne by the parties in equal proportions, without prejudice to the decision of the arbitral tribunal on their distribution in the award.

2. Without prejudice to the provisions of the preceding paragraph, the arbitral tribunal may, if it considers it appropriate, depending on the circumstances, make separate advances for each of the parties, taking into account their respective claims or claims. In this case, the arbitral tribunal shall only hear claims that have been covered by the respective advances. If the delivery of advances is not fulfilled, the respective claims or claims may be excluded from the scope of arbitration.

3. If one or both parties fail to deposit the advances due to them within the time limits conferred, the arbitral tribunal may suspend the arbitral proceedings in the state in which they are located. If, in the opinion of the arbitral tribunal, a reasonable period of suspension elapses without the obligated party having fulfilled its obligation or the other party having assumed such obligation, the arbitral tribunal may, in its sole discretion, order the termination of the arbitral proceedings.

4. The decision of the arbitral tribunal to terminate the proceedings in the event of non-compliance with the obligation to deposit the advances in question does not prejudice the arbitral agreement. The same rule applies to claims excluded from arbitration because they are not covered by the respective advances.

5. The arbitral tribunal may not charge additional fees for the correction, interpretation, integration or exclusion of the award. In case of arbitration execution, according to the complexity and duration of the execution, additional fees may be paid.

**Article 73.- Assumption or distribution of costs.**

1. The arbitral tribunal shall take into account, for the purposes of charging or distributing the costs of the arbitration, the agreement of the parties. In the absence of an agreement, the costs of the arbitration shall be borne by the overdue party. However, the arbitral tribunal may distribute and apportion these costs among the parties if it considers that the apportionment is reasonable, taking into account the circumstances of the case.

2. When the arbitral tribunal orders the termination of arbitral proceedings by settlement, withdrawal, declaration of incompetence or for any other reason, it shall set the costs of the arbitration in its decision or award.

3. The arbitral tribunal shall also decide on the final fees of the arbitrator who has been replaced in office, in accordance with the state of the arbitration proceedings, in a final and uncontested decision.

### TITLE VIII RECOGNITION

### AND ENFORCEMENT OF AWARDS FOREIGNERS

### Article 74.- Applicable rules.

1. Foreign awards are those pronounced in a place outside Peruvian territory. They shall be recognized and executed in Peru in accordance with the following instruments, taking into account the limitation periods provided for in Peruvian law:

a. The Convention on the Recognition and Enforcement of Foreign Arbitral Awards, adopted in New York 10 June 1958, or

b. The Inter-American Convention on International Commercial Arbitration, adopted in Panama 30 January 1975, or

c. Any other treaty on recognition and enforcement of arbitral awards to which Peru is a party.

2. Unless the parties have agreed otherwise, the applicable treaty shall be the one most favorable to the party seeking recognition and enforcement of a foreign award.

### Article 75. Grounds for refusal.

1. This article shall apply in the absence of a treaty, or even where there is a treaty, if these rules are, in whole or in part, more favorable to the party seeking recognition of the foreign award, taking into account the limitation periods provided for in Peruvian law.

2. Recognition of a foreign award may be refused only at the request of the party against whom it is invoked if that party proves:

a. That one of the parties to the arbitration agreement was affected by any incapacity, or that such agreement is invalid, under the law to which the parties have submitted it, or if nothing had been indicated in that regard, under the law of the country where the award was made.

b. That the party against whom the award is invoked has not been duly notified of the appointment of an arbitrator or of the arbitration proceedings, or has been unable for any other reason to assert its rights.

c. That the award refers to a dispute not provided for in the arbitration agreement or contains decisions that exceed its terms.

d. That the composition of the arbitral tribunal or arbitral proceedings have not been in conformity with the agreement concluded between the parties, or in the absence of such an agreement, which has not been in conformity with the law of the country where the arbitration was conducted.

e. That the award is not yet binding on the parties or has been set aside or suspended by a competent judicial authority of the country in which, or under whose law, the award has been made.

3. Recognition of a foreign award may also be refused if the competent judicial authority finds:

a. According to Peruvian law, the subject matter of the dispute cannot be subject to arbitration.

b. That the award is contrary to international public policy.

4. The cause provided for in paragraph 2 of this article shall not imply the refusal of recognition of the award, if the party invoking it has appeared in the arbitral proceedings and has not invoked the incompetence of the arbitral tribunal because of the non-validity of the arbitral agreement or if the arbitral agreement is valid under peruvian law.

5. The cause provided for in paragraph 2 of this article shall not imply the refusal of recognition of the award, if the party invoking it has appeared in the arbitral proceedings and has not brought a timely claim before the arbitral tribunal for failure to notify the appointment of an arbitrator or arbitral proceedings or for a violation of its right of defense.

6. The case provided for in subparagraph (c) of paragraph 2 of this article shall not imply the denial of recognition of the award, if it concerns matters submitted to arbitration which may be separated from those not submitted to arbitration.

7. The cause provided for in paragraph 2 of this article shall not imply the refusal of recognition of the award, if the party invoking it has appeared in the arbitral proceedings and has not invoked the incompetence of the arbitral tribunal on the grounds that its composition has not been in accordance with the agreement of the parties or, failing that, with the law of the country where the arbitration took place; o you have not duly complained to the arbitral tribunal that the arbitral proceedings have not been in conformity with the agreement of the parties or, failing that, with the law of the country where the arbitration took place.

8. If a request has been made to a competent judicial authority of the country in which, or in accordance with whose law, the award has been made, the annulment or suspension of the foreign award, as provided for in paragraph e., paragraph 2 of this article; the competent High Court hearing recognition of the award may, if it considers it appropriate, defer its decision on recognition of the award and, at the request of the party seeking recognition of the award, may also order the other party to grant appropriate guarantees.

### Article 76.- Recognition.

1. A party seeking recognition of a foreign award must submit the original or copy of the award, and must comply with the provisions of the article 9. The application is processed in a non-contentious way, without the intervention of the Public Prosecutor's Office.

2. Once the application is admitted, the competent High Court shall transmit to the other party so that within twenty (20) days it may express what it deems appropriate. (*) RECTIFIED BY FAITH OF ERRATA

3. Once the period for acquitting the transfer has expired, the date for hearing the case shall be indicated within twenty (20) days following. At the hearing of the case, the competent High Court may adopt, if appropriate, the decision provided for in paragraph 8 of the article 75. Otherwise , it will resolve within twenty (20) next days.

4. Appeals in cassation are only available against the decisions of the High Court if the award has not been recognized in whole or in part.

### Article 77: Implementation.

Recognised in part or in whole the award shall be heard by the competent judicial authority as provided for in Article 68.

### Article 78: Application of the most favorable rule.

Where the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, adopted at New York 10 June 1958, applies, the following shall be taken into account:

1. In accordance with article VII (1) of the Convention, one or more of the provisions of this Legislative Decree shall apply if they are more favorable to the party seeking recognition and enforcement of the award.

2. In accordance with article VII, paragraph 1, of the Convention, the Party concerned may avail itself of any rights which may be entitled to it, under the laws or treaties to which Peru is a party; to obtain recognition of the validity of this arbitration agreement.

3. Where Article II, paragraph (2), of the Convention applies, this provision shall be applied recognizing that the circumstances described above are not exhaustive.

### SUPPLEMENTARY PROVISIONS

#### FIRST. Chambers of Commerce.

For the purposes of this Legislative Decree, Chambers of Commerce are understood to be the Chambers of Commerce that exist in each province of the Republic.

When there is more than one Chamber of Commerce in the same province, it is understood that the reference is to the oldest Chamber of Commerce.

#### SECOND. Implementation agreements.

Arbitration institutions may conclude cooperation agreements with public and private institutions to facilitate the execution of interim measures or awards by arbitral tribunals within the framework of this Legislative Decree.

#### THIRD. Arbitration clause and arbitration commitment.

From the entry into force of this Legislative Decree, all legal or contractual references to arbitration clause or arbitration commitment shall be understood as referring to the arbitration agreement provided for in this Legislative Decree.

#### FOURTH. Judge and arbitral tribunal.

As from the entry into force of this Legislative Decree, all legal references to judges for the purpose of resolving a dispute or making a decision may also be construed as referring to an arbitral tribunal, provided that it is a matter subject to arbitration and that there is an arbitration agreement concluded between the parties.

#### FIFTH. Designation of a legal person.

Where a legal person is appointed as an arbitrator, such appointment shall be understood as referring to his or her action to appoint arbitrators.

#### SIXTH. Statutory arbitration.

An arbitration agreement may be adopted in the statute of a legal person to resolve disputes between the legal person and its members; managers, directors, representatives and officials or those arising between them in respect of their rights or obligations or those relating to compliance with the bylaws or the validity of agreements.

The arbitration agreement reaches all members, managers, directors, representatives and officials who join the company as well as those who at the time of the dispute would have ceased to be so.

The arbitration agreement does not reach the calls for meetings, assemblies and councils or when

Authorization is required requiring the intervention of the Public Prosecutor's Office.

### SEVENTH. Succession arbitration.

By means of a testamentary stipulation, disputes that may arise between successors, or from them with executors, including those relating to the inventory of the estate, its valuation, administration and partition, may be submitted to arbitration.

If there is no will or the will does not provide for an arbitral stipulation, the successors and executors may conclude an arbitration agreement to resolve the disputes referred to in the preceding paragraph.

### EIGHTH. Default and termination of contract.

For the purposes of Articles 1334 and 1428 of the Civil Code, the reference to the summons with the claim shall be understood as referring in arbitral matters to the receipt of the request to submit the dispute to arbitration.

### NINTH. Statute of limitations.

Once the request for arbitration has been communicated, the limitation of any right to claim in the dispute that it intends to submit to arbitration is interrupted, provided that the arbitral tribunal is constituted.

The interruption of the statute of limitations is void when an award is declared invalid or when in any manner provided for in this Legislative Decree the termination of the arbitration proceedings is ordered.

Any agreement contained in the arbitration agreement designed to prevent the effects of the statute of limitations is null and void.

### TENTH. Prevalence.

The procedural provisions of this rule in respect of any judicial action take precedence over the rules of the Code of Civil Procedure.

### ELEVENTH. Executive route.

For the purposes of reimbursing arbitrators' fees, executive merit is the decision of the arbitral tribunal or the arbitral institution ordering the reimbursement of such fees, as well as the final court decision annulling the award due to the expiry of the time limit for resolving the dispute.

### TWELFTH. Guarantee actions.

For the purposes of article 5, paragraph 2, of the Constitutional Code of Procedure, the remedy for annulment of the award is understood to be a specific and appropriate means of protecting any constitutional right threatened or violated in the course of arbitration or in the award.

### TENTH THIRD. Procedure expert.

This Legislative Decree shall apply, as appropriate, to expert procedures in which the parties appoint third parties to resolve only technical issues or factual issues. The decision of the experts shall be binding on the parties and shall be observed by the judicial authority or arbitral tribunal dealing with a dispute of law covering the issues elucidated by the experts, unless otherwise agreed.

### FOURTEENTH.- Enforcement of an ICSID award.

For the enforcement of an award issued by an arbitral tribunal of the International Centre for Settlement of Investment Disputes (ICSID), the rules governing the procedure for the enforcement of judgments rendered by international tribunals shall apply; as if it were a final judgment handed down by a court existing in any State under the Convention on the Settlement of Investment Disputes between States and Nationals of Other States, adopted at Washington 18 March 1965.

### TRANSITIONAL PROVISIONS

### FIRST. Arbitration class.

In national arbitration, arbitration agreements, or, where appropriate, arbitration clauses and commitments, concluded prior to this Legislative Decree, which do not expressly stipulate the type of arbitration, shall be governed by the following rules:

1. Arbitration clauses and commitments entered into under the Civil Procedure Code of 1911 and the Civil Code of 1984 which did not expressly establish the type of arbitration are understood as stipulating a legal arbitration.

2. Arbitration agreements concluded under Decree-Law No. 25935 which did not expressly establish the type of arbitration are understood as stipulating legal arbitration.

3. Arbitration agreements concluded under Act No. 26572 which did not expressly establish the type of arbitration are understood as stipulating conscientious arbitration.

Unless otherwise agreed, any dispute on the type of arbitration shall be decided by the arbitral tribunal as a matter prior to the filing of the claim.

### SECOND. Proceedings in progress.

Unless otherwise agreed, in cases where prior to the entry into force of this legislative decree, a party has received the request to submit the dispute to arbitration, the arbitration proceedings shall be governed by the provisions of Act No. 26572, General Arbitration Act.

**THIRD. Recognition and enforcement of foreign awards.**

Proceedings for the recognition and enforcement of foreign awards initiated before the entry into force of this legislative decree shall continue to be governed by the provisions of Act No. 26572, General Arbitration Act.

**AMENDING PROVISIONS**

**FIRST. Amendment of the Civil Code.**

Add a final paragraph to article 2058 of the Civil Code approved by Legislative Decree No. 295 to read as follows:

"This article applies exclusively to the jurisdiction of courts and does not affect the power of the parties to submit to arbitration actions involving proprietary content."

**SECOND. Amendment of the Civil Procedure Code.**

Add a final paragraph to article 384 of the Code of Civil Procedure of the single text approved by Ministerial Decision No. 351- 2004-JUS, with the following wording:

"In the cases provided for in the Arbitration Law, the appeal of cassation is aimed at the review of the decisions of the Superior Courts, for the correct application of the grounds for annulment of the arbitral award and the grounds for recognition and enforcement of foreign awards (*) CORRECTED BY FAITH OF ERRATA."

**THIRD. Modification of the General Law of Companies.**

1. Article 48 of Act No. 26887, General Companies Act, should be amended to read as follows:

"Article 48.- Arbitration.
Shareholders or shareholders may, in the agreement or in the statute of companies, adopt an arbitration agreement to resolve disputes that the company may have with its partners, shareholders, directors, directors and representatives, those that arise between them regarding their rights or obligations, those relating to compliance with the bylaws or the validity of the agreements and for any other situation provided for in this law.

The arbitration agreement covers shareholders, directors, directors and representatives who join the company as well as those who at the time of the dispute would have ceased to be so.

The arbitration agreement does not reach the calls for meetings of shareholders or partners.

The pact or social status may also provide for a conciliation procedure for

to resolve the dispute in accordance with the law of the matter."

2. The fourth paragraph of article 14 of Act No. 26887, General Companies Act, should be amended to read as follows:

"The general manager or directors of the company, as the case may be, enjoy the general and special powers of procedural representation indicated in the Code of Civil Procedure and the powers of representation provided for in the Arbitration Law, on the merit of their appointment, unless otherwise stipulated (*) RECTIFIED BY FAITH OF ERRATA."

3. Article 188, paragraph 2, of Act No. 26887, General Companies Act should be amended to read as follows:

"2. Represent the company, with the general and special powers provided for in the Code of Civil Procedure and the powers provided for in the Arbitration Law (*), CORRECTED BY FAITH OF ERRATA."

**FOURTH. Modification of the Law on the Mobiliary Guarantee.**

Article 48 of Law No. 28677, Law on the Securities Act, should be amended to read as follows:

"Article 48.- Arbitration.
Disputes that may arise during the execution of the movable property affected by transferable security may be submitted to arbitration, in accordance with the law of the matter."

**REPEAL PROVISION**

**UNIQUE.** The second paragraph of article 1399 and article 2064 of the Civil Code approved by Legislative Decree No. 295 and Act No. 26572, General Arbitration Act, are repealed.

**FINAL PROVISIONS**

**FIRST. Popular Arbitration.**

Access to arbitration for the settlement of disputes for all citizens should be declared in the national interest. To this end, the Ministry of Justice is responsible for creating and promoting mechanisms that encourage the development of arbitration in favor of all sectors, as well as for carrying out actions that contribute to the dissemination and use of arbitration in the country. through the implementation of programs, under any form, that favor access by the majority to this means of dispute resolution, at appropriate costs.

These programs shall be conducted by the Ministry of Justice and may also be implemented in coordination with any public sector entity, with any natural or legal person in the private sector, or with any institution

or national or international organization, through the conclusion of agreements under any modality.

The Ministry of Justice may also promote the establishment of arbitral institutions by approving standard forms for the establishment of arbitration institutions in the form of associations, as well as standard arbitration regulations.

CONCORDANCES: SUPREME DECREE   NO. 016-2008-JUS (They create the Popular Arbitration Program)
R.M.    NO.   0639-2008-JUS (They approve Statute and Rules of Arbitration of the People's Arbitration Center of the Ministry of Justice, as well as Table of Tariffs)

**SECOND. Adequacy.**
The arbitration institutions shall 31 August 2008 , as far as necessary, bring their respective regulations, including those approved by law, into line with the provisions of this Legislative Decree.

**THIRD. Validity.**
This Legislative Decree will enter into force on September 1, 2008, except as provided in the Second Final Provision, which will enter into force the day after the publication of this Standard.

THEREFORE:

Commando is published and fulfilled, reporting to the Congress of the Republic.

Given at the Government House, in Lima, on the twenty-seven day of the month of June in the year two thousand eight.

ALAN GARCÍA PÉREZ
Constitutional President of the Republic

JORGE DEL CASTILLO GÁLVEZ
President of the Council of Ministers

ROSARIO DEL PILLAR FERNÁNDEZ FIGUEROA
Minister of Justice

# Spanish Original

# DL. Nº 1071
# Decreto Legislativo que norma el arbitraje

*(Vigente desde el 1.SEP.2008)*

Enlace Web: EXPOSICIÓN DE MOTIVOS PDF.

**CONCORDANCIAS:**

- R. Nº 046-2008-SEPS-CD (Aprueban Reglamento de Arbitraje del Centro de Conciliación y Arbitraje de la Superintendencia de Entidades Prestadoras de Salud)
- D.S. Nº 016-2008-JUS (Crean el Programa de Arbitraje Popular)
- R.M. Nº 0639-2008-JUS (Aprueban Estatuto y Reglamento Arbitral del Centro de Arbitraje Popular del Ministerio de Justicia, asi como Tabla de Aranceles)
- LEY N° 29289, Cuadragésima Novena Disp. Final
- R.M. N° 0655-2008-JUS (Establecen requisitos y costos correspondientes al servicio de Arbitraje Popular y al servicio de suscripción de convenios arbitrales que prestará el Centro de Arbitraje Popular "Arbitra Perú")

EL PRESIDENTE DE LA REPÚBLICA

POR CUANTO:

El Congreso de la República, mediante Ley Nº 29157, ha delegado en el Poder Ejecutivo la facultad de legislar, por un plazo de ciento ochenta (180) días calendario, sobre diversas materias relacionadas con la implementación del Acuerdo de Promoción Comercial Perú - Estados Unidos y con el apoyo de la competitividad económica para su aprovechamiento; entre las que se encuentran la mejora del marco regulatorio, el fortalecimiento institucional, la simplificación administrativa y la modernización del Estado; en tal sentido, se requiere brindar las condiciones apropiadas para agilizar la solución de controversias que pudieran generarse en el marco de los tratados y acuerdos suscritos por el Perú;

De conformidad con lo establecido en el artículo 104 de la Constitución Política del Perú;

Con el voto aprobatorio del Consejo de Ministros; y,

Con cargo de dar cuenta al Congreso de la República;

Ha dado el Decreto Legislativo siguiente:

**DECRETO LEGISLATIVO QUE NORMA EL ARBITRAJE**

**TÍTULO I**

**DISPOSICIONES GENERALES**

**Artículo 1.- Ámbito de aplicación.**

1. El presente Decreto Legislativo se aplicará a los arbitrajes cuyo lugar se halle dentro del territorio peruano, sea el arbitraje de carácter nacional o internacional; sin perjuicio de lo establecido en tratados o acuerdos internacionales de los que el Perú sea parte o en leyes que contengan disposiciones especiales sobre arbitraje, en cuyo caso las normas de este Decreto Legislativo serán de aplicación supletoria.

2. Las normas contenidas en los numerales 1, 2, 3, 5 y 6 del artículo 8, en los artículos 13, 14, 16, 45, numeral 4 del artículo 48, 74, 75, 76, 77 y 78 de este Decreto Legislativo, se aplicarán aun cuando el lugar del arbitraje se halle fuera del Perú.

**Artículo 2.- Materias susceptibles de arbitraje.**

1. Pueden someterse a arbitraje las controversias sobre materias de libre disposición conforme a derecho, así como aquellas que la ley o los tratados o acuerdos internacionales autoricen.

2. Cuando el arbitraje sea internacional y una de las partes sea un Estado o una sociedad, organización o empresa controlada por un Estado, esa parte no podrá invocar las prerrogativas de su propio derecho para sustraerse a las obligaciones derivadas del convenio arbitral.

CONCORDANCIAS:
D.S. N° 146-2008-EF, Art. 10, num. 10.1, inc. a)

**Artículo 3.- Principios y derechos de la función arbitral.**

1. En los asuntos que se rijan por este Decreto Legislativo no intervendrá la autoridad judicial, salvo en los casos en que esta norma así lo disponga.

2. El tribunal arbitral tiene plena independencia y no está sometido a orden, disposición o autoridad que menoscabe sus atribuciones.

3. El tribunal arbitral tiene plenas atribuciones para iniciar y continuar con el trámite de las actuaciones arbitrales, decidir acerca de su propia competencia y dictar el laudo.

4. Ninguna actuación ni mandato fuera de las actuaciones arbitrales podrá dejar sin efecto las decisiones del tribunal arbitral, a excepción del control judicial posterior mediante el recurso de anulación del laudo contemplado en este Decreto Legislativo. Cualquier intervención judicial distinta,

dirigida a ejercer un control de las funciones de los árbitros o a interferir en las actuaciones arbitrales antes del laudo, está sujeta a responsabilidad.

### Artículo 4.- Arbitraje del Estado Peruano.

1. Para los efectos de este Decreto Legislativo, la referencia a Estado Peruano comprende el Gobierno Nacional, los Gobiernos Regionales, los Gobiernos Locales y sus respectivas dependencias, así como las personas jurídicas de derecho público, las empresas estatales de derecho público, de derecho privado o de economía mixta y las personas jurídicas de derecho privado que ejerzan función estatal por ley, delegación, concesión o autorización del Estado.

2. Las controversias derivadas de los contratos y convenios celebrados entre estas entidades estatales pueden someterse también a arbitraje nacional.

3. El Estado puede someter a arbitraje nacional las controversias derivadas de los contratos que celebre con nacionales o extranjeros domiciliados en el país.

4. El Estado puede también someter a arbitraje internacional, dentro o fuera del país, las controversias derivadas de los contratos que celebre con nacionales o extranjeros no domiciliados en el país.

5. En caso de actividades financieras, el arbitraje podrá desarrollarse dentro o fuera del país, inclusive con extranjeros domiciliados en el país.

### Artículo 5.- Arbitraje internacional.

1. El arbitraje tendrá carácter internacional cuando en él concurra alguna de las siguientes circunstancias:

a. Si las partes en un convenio arbitral tienen, al momento de la celebración de ese convenio, sus domicilios en Estados diferentes.

b. Si el lugar del arbitraje, determinado en el convenio arbitral o con arreglo a éste, está situado fuera del Estado en que las partes tienen sus domicilios.

c. Si el lugar de cumplimiento de una parte sustancial de las obligaciones de la relación jurídica o el lugar con el cual el objeto de la controversia tiene una relación más estrecha, está situado fuera del territorio nacional, tratándose de partes domiciliadas en el Perú.

2. Para efectos de lo dispuesto en el numeral anterior, si alguna de las partes tiene más de un domicilio, se estará al que guarde una relación más estrecha con el convenio arbitral.

### Artículo 6.- Reglas de interpretación.

Cuando una disposición de este Decreto Legislativo:

a. Deje a las partes la facultad de decidir libremente sobre un asunto, esa facultad comprenderá la de autorizar a un tercero, incluida una institución arbitral, a que adopte esa decisión.

b. Se refiera al convenio arbitral o a cualquier otro acuerdo entre las partes, se entenderá que integran su contenido las disposiciones del reglamento de arbitraje al que las partes se hayan sometido.

c. Se refiera a un contrato, también se entenderá a un acto jurídico.

d. Se refiera a la demanda, se aplicará también a la reconvención, y cuando se refiera a la contestación, se aplicará asimismo a la contestación a esa reconvención, excepto en los casos previstos en el inciso a del artículo 46 y en el inciso a. del numeral 2 del artículo 60.

e. Se refiera a tribunal arbitral, significa tanto un solo árbitro como una pluralidad de árbitros.

f. Se refiere a laudo, significa entre otros, tanto un laudo parcial como el que resuelve de manera definitiva la controversia.

### Artículo 7.- Arbitraje ad hoc e institucional.

1. El arbitraje puede ser ad hoc o institucional, según sea conducido por el tribunal arbitral directamente u organizado y administrado por una institución arbitral.

2. Las instituciones arbitrales constituidas en el país deben ser personas jurídicas, con o sin fines de lucro. Cuando se trate de instituciones públicas, con funciones arbitrales previstas o incorporadas en sus normas reguladoras deberán inscribirse ante el Ministerio de Justicia.

CONCORDANCIAS:
D.S. N° 016-2008-JUS, Cap. IV, num 3 (Registro de Instituciones Arbitrales)

3. En caso de falta de designación de una institución arbitral, se entenderá que el arbitraje es ad hoc. La misma regla se aplica cuando exista designación que sea incompatible o contradictoria entre dos o más instituciones, o cuando se haga referencia a una institución arbitral inexistente, o cuando la institución no acepte el encargo, salvo pacto distinto de las partes.

4. El reglamento aplicable a un arbitraje es el vigente al momento de su inicio, salvo pacto en contrario.

### Artículo 8.- Competencia en la colaboración y control judicial.

2

1. Para la asistencia judicial en la actuación de pruebas será competente el juez subespecializado en lo comercial o, en su defecto, el juez especializado en lo civil del lugar del arbitraje o el del lugar donde hubiere de prestarse la asistencia. Cuando la prueba deba actuarse en el extranjero se estará a los tratados sobre obtención de pruebas en el extranjero o a la legislación nacional aplicable.

2. Para la adopción judicial de medidas cautelares será competente el juez subespecializado en lo comercial o, en su defecto, el juez especializado en lo civil del lugar en que la medida deba ser ejecutada o el del lugar donde las medidas deban producir su eficacia. Cuando la medida cautelar deba adoptarse o ejecutarse en el extranjero se estará a los tratados sobre ejecución de medidas cautelares en el extranjero o a la legislación nacional aplicable.

3. Para la ejecución forzosa del laudo será competente el juez subespecializado en lo comercial o, en su defecto, el juez civil del lugar del arbitraje o el del lugar donde el laudo debe producir su eficacia.

4. Para conocer del recurso de anulación del laudo será competente la Sala Civil Subespecializada en lo Comercial o, en su defecto, la Sala Civil de la Corte Superior de Justicia del lugar del arbitraje.

5. Para el reconocimiento de laudos extranjeros será competente la Sala Civil Subespecializada en lo Comercial o, en su defecto, la Sala Civil de la Corte Superior de Justicia del domicilio del emplazado o, si el emplazado no domicilia dentro del territorio peruano, del lugar donde tenga sus bienes o donde ejerza sus derechos.

6. Para la ejecución de laudos extranjeros debidamente reconocidos será competente el juez subespecializado en lo comercial o, en su defecto, el juez civil, del domicilio del emplazado o, si el emplazado no domicilia dentro del territorio peruano, del lugar donde tenga sus bienes o donde ejerza sus derechos.

### Artículo 9.- Formalidad de documentos en la colaboración y control judicial.

1. Todo escrito o petición dirigida a una autoridad judicial de la República deberá ser redactado en español.

2. Todo documento otorgado fuera del país que sea presentado ante una autoridad judicial de la República deberá ser autenticado con arreglo a las leyes del país de procedencia del documento y certificado por un agente diplomático o consular peruano, o quien haga sus veces.

3. Si el documento no estuviera redactado en español deberá acompañarse traducción simple a este idioma, salvo que la autoridad judicial considere, en razón de las circunstancias, que debe presentarse una traducción oficial en un plazo razonable.

### Artículo 10.- Representación de la persona jurídica.

1. Salvo pacto o estipulación en contrario, el gerente general o el administrador equivalente de una persona jurídica está facultado por su solo nombramiento para celebrar convenios arbitrales, representarla en arbitrajes y ejercer todos los derechos y facultades previstos en este Decreto Legislativo, sin restricción alguna, incluso para actos de disposición de derechos sustantivos que se discuten en las actuaciones arbitrales.

2. Salvo pacto o estipulación en contrario, la facultad para celebrar determinados contratos comprende también la facultad para someter a arbitraje cualquier controversia derivada de dichos contratos.

### Artículo 11.- Renuncia a objetar.

Si una parte que conociendo, o debiendo conocer, que no se ha observado o se ha infringido una norma de este Decreto Legislativo de la que las partes pueden apartarse, o un acuerdo de las partes, o una disposición del reglamento arbitral aplicable, prosigue con el arbitraje y no objeta su incumplimiento tan pronto como le sea posible, se considerará que renuncia a objetar el laudo por dichas circunstancias.

### Artículo 12.- Notificaciones y plazos.

Salvo acuerdo en contrario de las partes, se aplicarán las disposiciones siguientes:

a. Toda notificación o comunicación se considerará recibida el día en que haya sido entregada personalmente al destinatario o en que haya sido entregada en el domicilio señalado en el contrato o, en su defecto, en el domicilio o residencia habitual o lugar de actividades principales. Si no pudiera determinarse, tras una indagación razonable, ninguno de esos lugares, se considerará recibida el día en que haya sido entregada o intentada su entrega, por correo certificado o cualquier otro medio que deje constancia, en el último domicilio o residencia habitual o lugar de actividades principales conocidos del destinatario.

b. Asimismo, será válida la notificación o comunicación realizada por fax u otro medio de telecomunicación electrónico, telemático o de otra clase semejante que permitan el envío y la recepción de escritos y documentos, dejando constancia de su remisión y recepción y que hayan sido designados por la parte interesada.

c. Los plazos establecidos en este Decreto Legislativo se computarán desde el día siguiente al de recepción de la notificación o comunicación. Si el último día del plazo fuere inhábil en el lugar de recepción de la notificación o comunicación, se extenderá hasta el primer día laborable siguiente. Los

3

plazos establecidos por días se computarán por días hábiles. Se consideran inhábiles los días sábados, domingos y feriados así como los días no laborables declarados oficialmente.

## TÍTULO II

### CONVENIO ARBITRAL

**Artículo 13.- Contenido y forma del convenio arbitral.**

1. El convenio arbitral es un acuerdo por el que las partes deciden someter a arbitraje todas las controversias o ciertas controversias que hayan surgido o puedan surgir entre ellas respecto de una determinada relación jurídica contractual o de otra naturaleza.

2. El convenio arbitral deberá constar por escrito. Podrá adoptar la forma de una cláusula incluida en un contrato o la forma de un acuerdo independiente.

3. Se entenderá que el convenio arbitral es escrito cuando quede constancia de su contenido en cualquier forma, ya sea que el acuerdo de arbitraje o contrato se haya concertado mediante la ejecución de ciertos actos o por cualquier otro medio.

4. Se entenderá que el convenio arbitral consta por escrito cuando se cursa una comunicación electrónica y la información en ella consignada es accesible para su ulterior consulta. Por "comunicación electrónica" se entenderá toda comunicación que las partes hagan por medio de mensajes de datos. Por "mensaje de datos" se entenderá la información generada, enviada, recibida o archivada por medios electrónicos, magnéticos, ópticos o similares, como pudieran ser, entre otros, el intercambio electrónico de datos, el correo electrónico, el telegrama, el télex o el telefax.

5. Se entenderá además que el convenio arbitral es escrito cuando esté consignado en un intercambio de escritos de demanda y contestación en los que la existencia de un acuerdo sea afirmada por una parte, sin ser negada por la otra.

6. La referencia hecha en un contrato a un documento que contenga una cláusula de arbitraje constituye un convenio arbitral por escrito, siempre que dicha referencia implique que esa cláusula forma parte del contrato.

7. Cuando el arbitraje fuere internacional, el convenio arbitral será válido y la controversia será susceptible de arbitraje, si cumplen los requisitos establecidos por las normas jurídicas elegidas por las partes para regir el convenio arbitral, o por las normas jurídicas aplicables al fondo de la controversia, o por el derecho peruano.

**Artículo 14.- Extensión del convenio arbitral.**

El convenio arbitral se extiende a aquellos cuyo consentimiento de someterse a arbitraje, según la buena fe, se determina por su participación activa y de manera determinante en la negociación, celebración, ejecución o terminación del contrato que comprende el convenio arbitral o al que el convenio esté relacionado. Se extiende también a quienes pretendan derivar derechos o beneficios del contrato, según sus términos.

**Artículo 15.- Relaciones jurídicas estándares.**

1. En el arbitraje nacional, los convenios arbitrales referidos a relaciones jurídicas contenidas en cláusulas generales de contratación o contratos por adhesión serán exigibles sólo si dichos convenios han sido conocidos, o han podido ser conocidos por quien no los redactó, usando una diligencia ordinaria.

2. Se presume, sin admitir prueba en contrario, que el convenio arbitral ha sido conocido en los siguientes supuestos:

a. Si está incluido en las condiciones generales que se encuentran en el cuerpo del contrato principal y éste último es por escrito y está firmado por las partes.

b. Si está incluido en las condiciones generales que se encuentran reproducidas en el reverso del documento principal, y se hace referencia al arbitraje en el cuerpo del contrato principal y éste último es por escrito y está firmado por las partes.

c. Si se encuentra incluido en condiciones estándares separadas del documento principal, y se hace referencia al arbitraje en el cuerpo del contrato principal y éste último es por escrito y está firmado por las partes.

**Artículo 16.- Excepción de convenio arbitral.**

1. Si se interpone una demanda judicial respecto de una materia sometida a arbitraje, esta circunstancia podrá ser invocada como excepción de convenio arbitral aun cuando no se hubiera iniciado el arbitraje.

2. La excepción se plantea dentro del plazo previsto en cada vía procesal, acreditando la existencia del convenio arbitral y, de ser el caso, el inicio del arbitraje.

3. La excepción de convenio arbitral, sea que se formule antes o después de iniciado el arbitraje, será amparada por el solo mérito de la existencia del convenio arbitral, salvo en el primer caso, cuando el convenio fuese manifiestamente nulo.

4. En el arbitraje internacional, si no estuviera iniciado el arbitraje, la autoridad judicial sólo denegará la excepción cuando compruebe que el convenio arbitral es manifiestamente nulo de acuerdo

4

con las normas jurídicas elegidas por las partes para regir el convenio arbitral o las normas jurídicas aplicables al fondo de la controversia. No obstante, si el convenio arbitral cumple los requisitos establecidos por el derecho peruano, no podrá denegarse la excepción. Si estuviera iniciado el arbitraje, la autoridad judicial sólo denegará la excepción cuando compruebe que la materia viola manifiestamente el orden público internacional.

5. Las actuaciones arbitrales podrán iniciarse o proseguir, pudiendo incluso, a discreción del tribunal arbitral, dictarse el laudo, aun cuando se encuentre en trámite la excepción de convenio arbitral.

### Artículo 17.- Derivación de controversia judicial a arbitraje.

Las partes por iniciativa propia o a propuesta del juez, en cualquier estado del proceso, pueden acordar derivar a arbitraje una controversia de naturaleza disponible conforme a derecho o cuando la ley o los tratados o acuerdos internacionales lo autoricen, para lo cual deberán formalizar un convenio arbitral.

### Artículo 18.- Renuncia al arbitraje.

La renuncia al arbitraje será válida sólo si se manifiesta en forma expresa o tácita. Es expresa cuando consta en un documento suscrito por las partes, en documentos separados, mediante intercambio de documentos o mediante cualquier otro medio de comunicación que deje constancia inequívoca de este acuerdo. Es tácita cuando no se invoca la excepción de convenio arbitral en el plazo correspondiente, sólo respecto de las materias demandadas judicialmente.

## TÍTULO III

## ÁRBITROS

### Artículo 19.- Número de árbitros.

Las partes podrán fijar libremente el número de árbitros que conformen el tribunal arbitral. A falta de acuerdo o en caso de duda, serán tres árbitros.

### Artículo 20.- Capacidad.

Pueden ser árbitros las personas naturales que se hallen en el pleno ejercicio de sus derechos civiles, siempre que no tengan incompatibilidad para actuar como árbitros. Salvo acuerdo en contrario de las partes, la nacionalidad de una persona no será obstáculo para que actúe como árbitro.

### Artículo 21.- Incompatibilidad.

Tienen incompatibilidad para actuar como árbitros los funcionarios y servidores públicos del Estado peruano dentro de los márgenes establecidos por las normas de incompatibilidad respectivas.

### Artículo 22.- Nombramiento de los árbitros.

1. En el arbitraje nacional que deba decidirse en derecho, se requiere ser abogado, salvo acuerdo en contrario. En el arbitraje internacional, en ningún caso se requiere ser abogado para ejercer el cargo.

2. Cuando sea necesaria la calidad de abogado para actuar como árbitro, no se requerirá ser abogado en ejercicio ni pertenecer a una asociación o gremio de abogados nacional o extranjera.

3. Los árbitros serán nombrados por las partes, por una institución arbitral o por cualquier tercero a quien las partes hayan conferido el encargo. La institución arbitral o el tercero podrán solicitar a cualquiera de las partes la información que consideren necesaria para el cumplimiento del encargo. (*) RECTIFICADO POR FE DE ERRATAS

4. Salvo acuerdo en contrario, una parte queda vinculada por el nombramiento que ha efectuado de un árbitro desde el momento en que la otra parte haya sido notificada de dicho nombramiento.

5. Si una parte no cumple con nombrar al árbitro que le corresponde en el plazo establecido por las partes o, en su defecto en este Decreto Legislativo, podrá recurrirse a la institución arbitral o al tercero designado por las partes para estos efectos o, en su defecto, procederse según lo dispuesto por el artículo 23.

### Artículo 23.- Libertad de procedimiento de nombramiento.

Sin perjuicio de lo dispuesto en los incisos d y e de este artículo, las partes podrán acordar libremente el procedimiento para el nombramiento del árbitro único o de los árbitros o someterse al procedimiento contenido en un reglamento arbitral, siempre que no se vulnere el principio de igualdad. A falta de acuerdo, se aplicarán las siguientes reglas:

a. En caso de árbitro único, o cuando las partes han acordado que el nombramiento de todos los árbitros o del presidente del tribunal se efectúe de común acuerdo entre ellas, tendrán un plazo de quince (15) días de recibido el requerimiento de nombramiento para que cumplan con hacerlo.

b. En caso de tres árbitros, cada parte nombrará un árbitro en el plazo de quince (15) días de recibido el requerimiento para que lo haga y los dos árbitros así nombrados, en el plazo de quince (15) días de producida la aceptación del último de los árbitros, nombrarán al tercero, quien presidirá el tribunal arbitral.

c. En caso de pluralidad de demandantes o de demandados, los demandantes nombrarán de común acuerdo un árbitro y los demandados, también de común acuerdo, nombrarán otro árbitro en el plazo de quince (15) días de recibido el requerimiento para que lo hagan, salvo que algo distinto se hubiese dispuesto en el convenio arbitral o en el reglamento arbitral aplicable. Los dos árbitros

así nombrados, en el mismo plazo, nombrarán al tercero, quien presidirá el tribunal arbitral.

d. Si en cualquiera de los supuestos anteriores no se llegue a nombrar uno o más árbitros, el nombramiento será efectuado, a solicitud de cualquiera de las partes, por la Cámara de Comercio del lugar del arbitraje o del lugar de celebración del convenio arbitral, cuando no se hubiese pactado el lugar del arbitraje. De no existir una Cámara de Comercio en dichos lugares, el nombramiento corresponderá a la Cámara de Comercio de la localidad más cercana.

e. En el arbitraje internacional, el nombramiento a que se refiere el inciso d. de este artículo será efectuado por la Cámara de Comercio del lugar del arbitraje o por la Cámara de Comercio de Lima, cuando no se hubiese pactado el lugar del arbitraje.

**Artículo 24.- Incumplimiento del encargo.**
Si la institución arbitral o el tercero encargado de efectuar el nombramiento de los árbitros, no cumple con hacerlo dentro del plazo determinado por las partes o el reglamento arbitral aplicable o, en su defecto, dentro de los quince (15) días de solicitada su intervención, se considerará que rechaza el encargo. En tales casos, el nombramiento será efectuado, a falta de acuerdo distinto de las partes, siguiendo el procedimiento previsto en el inciso d. del artículo 23.

**Artículo 25.- Nombramiento por las Cámaras de Comercio.**

1. Cuando por disposición de este Decreto Legislativo corresponda el nombramiento de un árbitro por una Cámara de Comercio, lo hará la persona u órgano que la propia Cámara determine. A falta de previa determinación, la decisión será adoptada por el máximo órgano de la institución. Esta decisión es definitiva e inimpugnable.

2. Para solicitar a una Cámara de Comercio el nombramiento de un árbitro, la parte interesada deberá señalar el nombre o la denominación social y domicilio de la otra parte, hacer una breve descripción de la controversia que será objeto de arbitraje y acreditar la existencia del convenio arbitral y, de ser el caso, de la solicitud de arbitraje efectuada a la otra parte.

3. Si la Cámara respectiva no tuviera previsto un procedimiento aplicable, la solicitud será puesta en conocimiento de la otra parte por un plazo de cinco (5) días. Vencido este plazo, la Cámara procederá a efectuar el nombramiento.

4. La Cámara de Comercio está obligada, bajo responsabilidad, a efectuar el nombramiento solicitado por las partes en los supuestos contenidos en los incisos d. y e. del artículo 23 y en el artículo 24, dentro de un plazo razonable. La Cámara únicamente podrá rechazar una solicitud de nombramiento, cuando aprecie que, de los documentos aportados, no resulta la existencia de un convenio arbitral.

5. La Cámara de Comercio tendrá en cuenta, al momento de efectuar un nombramiento, los requisitos establecidos por las partes y por la ley para ser árbitro y tomará las medidas necesarias para garantizar su independencia e imparcialidad.

6. En el arbitraje nacional, la Cámara de Comercio efectuará el nombramiento siguiendo un procedimiento de asignación aleatoria por medios tecnológicos, respetando los criterios de especialidad. (*) RECTIFICADO POR FE DE ERRATAS

7. En el arbitraje internacional, tratándose de árbitro único o del presidente del tribunal arbitral, tendrá en cuenta asimismo la conveniencia de nombrar un árbitro de nacionalidad distinta a la de las partes.

**Artículo 26.- Privilegio en el nombramiento.**
Si el convenio arbitral establece una situación de privilegio en el nombramiento de los árbitros a favor de alguna de las partes, dicha estipulación es nula.

**Artículo 27.- Aceptación de los árbitros.**

1. Salvo acuerdo distinto de las partes, dentro de los quince (15) días siguientes a la comunicación del nombramiento, cada árbitro deberá comunicar su aceptación por escrito. Si en el plazo establecido no comunica la aceptación, se entenderá que no acepta su nombramiento.

2. Una vez producida la aceptación del árbitro único o del último de los árbitros, el tribunal arbitral se considerará válidamente constituido.

**Artículo 28.- Motivos de abstención y de recusación.**

1. Todo árbitro debe ser y permanecer, durante el arbitraje, independiente e imparcial. La persona propuesta para ser árbitro deberá revelar todas las circunstancias que puedan dar lugar a dudas justificadas sobre su imparcialidad e independencia.

2. El árbitro, a partir de su nombramiento, revelará a las partes, sin demora cualquier nueva circunstancia. En cualquier momento del arbitraje, las partes podrán pedir a los árbitros la aclaración de sus relaciones con alguna de las otras partes o con sus abogados.

3. Un árbitro sólo podrá ser recusado si concurren en él circunstancias que den lugar a dudas justificadas sobre su imparcialidad o independencia, o si no posee las calificaciones convenidas por las partes o exigidas por la ley.

4. Las partes pueden dispensar los motivos de recusación que conocieren y en tal caso no procederá recusación o impugnación del laudo por dichos motivos.

5. Una parte sólo podrá recusar al árbitro nombrado por ella, o en cuyo nombramiento haya participado, por causas de las que haya tenido conocimiento después de su nombramiento.

### Artículo 29.- Procedimiento de recusación.

1. Las partes podrán acordar libremente el procedimiento de recusación de árbitros o someterse al procedimiento contenido en un reglamento arbitral.

2. A falta de acuerdo o de reglamento arbitral aplicable, se aplicarán las siguientes reglas:

a. La recusación debe formularse tan pronto sea conocida la causal que la motiva, justificando debidamente las razones en que se basa y presentando los documentos correspondientes.

b. El árbitro recusado y la otra parte podrán manifestar lo que estimen conveniente dentro de los diez (10) días siguientes de notificados con la recusación.

c. Si la otra parte conviene en la recusación o el árbitro renuncia, se procederá al nombramiento del árbitro sustituto en la misma forma en que correspondía nombrar al árbitro recusado, salvo que exista nombrado un árbitro suplente.

d. Si la otra parte no conviene en la recusación y el árbitro recusado niega la razón o no se pronuncia, se procederá de la siguiente manera:

i) Tratándose de árbitro único, resuelve la recusación la institución arbitral que lo ha nombrado o, a falta de ésta, la Cámara de Comercio correspondiente, conforme a los incisos d. y e. del artículo 23.

ii) Tratándose de un tribunal arbitral conformado por más de un árbitro, resuelven la recusación los demás árbitros por mayoría absoluta, sin el voto del recusado. En caso de empate, resuelve el presidente del tribunal arbitral, a menos que él sea el recusado, en cuyo caso resuelve la institución arbitral que hubiese efectuado su nombramiento o, a falta de ésta, la Cámara de Comercio correspondiente, conforme al inciso d y e del artículo 23.

iii) Si se recusa por la misma causa a más de un árbitro, resuelve la Cámara de Comercio correspondiente, conforme a los incisos d y e del artículo 23. Sin embargo, si el presidente no se encuentra entre los recusados, corresponde a éste resolver la recusación.

3. Salvo pacto en contrario, una vez que se inicie el plazo para la emisión de un laudo, es improcedente cualquier recusación. Sin embargo, el árbitro debe considerar su renuncia, bajo responsabilidad, si se encuentra en una circunstancia que afecte su imparcialidad e independencia.

4. El trámite de recusación no suspende las actuaciones arbitrales, salvo cuando así lo decidan los árbitros.

5. La renuncia de un árbitro o la aceptación por la otra parte de su cese, no se considerará como un reconocimiento de la procedencia de ninguno de los motivos de recusación invocados. No procede recusación basada en decisiones del tribunal arbitral emitidas durante el transcurso de las actuaciones arbitrales.

6. Cuando por disposición de este Decreto Legislativo corresponda resolver la recusación a una Cámara de Comercio, lo hará la persona u órgano que la propia Cámara determine. A falta de previa determinación, la decisión será adoptada por el máximo órgano de la institución.

7. La decisión que resuelve la recusación es definitiva e inimpugnable. Si no prosperase la recusación formulada con arreglo al procedimiento acordado por las partes, el reglamento arbitral aplicable o el establecido en este artículo, la parte recusante sólo podrá, en su caso, cuestionar lo decidido mediante el recurso de anulación contra el laudo.

### Artículo 30.- Remoción.

1. Cuando un árbitro se vea impedido de hecho o de derecho para ejercer sus funciones, o por cualquier otro motivo no las ejerza dentro de un plazo razonable, cesará en su cargo si las partes acuerdan su remoción. Si existe desacuerdo entre las partes sobre la remoción y no han estipulado un procedimiento para salvar dicho desacuerdo o no se encuentran sometidos a un reglamento arbitral, se procederá según lo dispuesto en el artículo 29. Esta decisión es definitiva e inimpugnable. Sin perjuicio de ello, cualquier árbitro puede ser removido de su cargo mediante acuerdo de las partes.

2. Si alguno de los árbitros rehúsa a participar en las actuaciones o está reiteradamente ausente en las deliberaciones del tribunal arbitral, los otros árbitros, una vez que hayan comunicado dicha situación a las partes y al árbitro renuente, están facultados para continuar con el arbitraje y dictar cualquier decisión o laudo, no obstante la falta de participación del árbitro renuente, salvo acuerdo distinto de las partes o del reglamento arbitral aplicable. En la determinación de si se continúa con el arbitraje, los otros árbitros deberán tomar en cuenta el estado de las actuaciones arbitrales, las razones expresadas por el árbitro renuente para no participar

y cualesquiera otras circunstancias del caso que sean apropiadas.

3. Si en cualquier momento, los otros árbitros deciden continuar con el arbitraje sin la participación del árbitro renuente, notificarán su decisión a las partes. En este caso, cualquiera de ellas podrá solicitar a la institución que efectuó el nombramiento, o en su defecto, a la Cámara de Comercio correspondiente conforme a los incisos d) y e) del artículo 23, la remoción del árbitro renuente y su sustitución conforme el numeral 1 de este artículo.

### Artículo 31.- Árbitro sustituto.

1. Salvo disposición distinta de este Decreto Legislativo, a falta de acuerdo entre las partes se sigue el procedimiento inicialmente previsto para el nombramiento del árbitro sustituido.

2. Producida la vacancia de un árbitro, se suspenderán las actuaciones arbitrales hasta que se nombre un árbitro sustituto, salvo que las partes decidan continuar con el arbitraje con los árbitros restantes, atendiendo a las circunstancias del caso.

3. Una vez reconstituido el tribunal arbitral, las actuaciones arbitrales continuarán desde el punto a que se había llegado en el momento en que se suspendieron las actuaciones. Sin embargo, en caso de sustitución de un árbitro único o del presidente del tribunal arbitral, éstos deciden a su entera discreción, si es necesario repetir todas o algunas de las actuaciones anteriores. En caso de sustitución de cualquier otro árbitro, decide el tribunal arbitral.

### Artículo 32.- Responsabilidad.
La aceptación obliga a los árbitros y, en su caso, a la institución arbitral, a cumplir el encargo, incurriendo si no lo hicieren, en responsabilidad por los daños y perjuicios que causaren por dolo o culpa inexcusable.

### TÍTULO IV

### ACTUACIONES ARBITRALES

### Artículo 33.- Inicio del arbitraje.
Salvo acuerdo distinto de las partes, las actuaciones arbitrales respecto de una determinada controversia se iniciarán en la fecha de recepción de la solicitud para someter una controversia a arbitraje.

### Artículo 34.- Libertad de regulación de actuaciones.

1. Las partes podrán determinar libremente las reglas a las que se sujeta el tribunal arbitral en sus actuaciones. A falta de acuerdo o de un reglamento arbitral aplicable, el tribunal arbitral decidirá las reglas que considere más apropiadas teniendo en cuenta las circunstancias del caso.

2. El tribunal arbitral deberá tratar a las partes con igualdad y darle a cada una de ellas suficiente oportunidad de hacer valer sus derechos.

3. Si no existe disposición aplicable en las reglas aprobadas por las partes o por el tribunal arbitral, se podrá aplicar de manera supletoria, las normas de este Decreto Legislativo. Si no existe norma aplicable en este Decreto Legislativo, el tribunal arbitral podrá recurrir, según su criterio, a los principios arbitrales así como a los usos y costumbres en materia arbitral.

4. El tribunal arbitral podrá, a su criterio, ampliar los plazos que haya establecido para las actuaciones arbitrales, incluso si estos plazos estuvieran vencidos.

### Artículo 35.- Lugar del arbitraje.

1. Las partes podrán determinar libremente el lugar del arbitraje. A falta de acuerdo, el tribunal arbitral determinará el lugar del arbitraje, atendiendo a las circunstancias del caso y la conveniencia de las partes.

2. Sin perjuicio de lo dispuesto en el numeral anterior, el tribunal arbitral podrá, previa consulta a las partes, reunirse en cualquier lugar que estime apropiado para oír a los testigos, a los peritos o a las partes, o para examinar o reconocer objetos, documentos o personas. El tribunal arbitral podrá llevar a cabo deliberaciones en cualquier lugar que estime apropiado.

### Artículo 36.- Idioma del arbitraje.

1. Las partes podrán acordar libremente el idioma o los idiomas que hayan de utilizarse en las actuaciones arbitrales. A falta de acuerdo, el tribunal arbitral determinará el idioma o los idiomas del arbitraje, atendidas las circunstancias del caso. Salvo que en el acuerdo de las partes o en la decisión del tribunal arbitral se haya previsto algo distinto, el idioma o los idiomas establecidos se utilizarán en los escritos de las partes, en las audiencias, en los laudos y en las decisiones o comunicaciones del tribunal arbitral.

2. El tribunal arbitral podrá ordenar que, sin necesidad de proceder a su traducción, cualquier documento sea aportado o cualquier actuación sea realizada en idioma distinto al del arbitraje, salvo oposición de alguna de las partes.

### Artículo 37.- Representación.

1. Las partes podrán comparecer personalmente ante el tribunal arbitral, o bien estar representadas por abogado, o por cualquier otra persona con autorización por escrito. (*) RECTIFICADO POR FE DE ERRATAS

8

2. La representación conferida para actuar dentro de un arbitraje autoriza al representante a ejercer todos los derechos y facultades previstos en este Decreto Legislativo sin restricción alguna, incluso para actos de disposición de derechos sustantivos que se discuten en las actuaciones arbitrales, salvo disposición en contrario.

3. Las personas jurídicas se rigen por lo dispuesto en el artículo 10, pudiendo delegar sus facultades a un abogado o a cualquier otra persona con autorización por escrito.

4. No existe restricción alguna para la participación de abogados extranjeros.

### Artículo 38.- Buena fe.

Las partes están obligadas a observar el principio de buena fe en todos sus actos e intervenciones en el curso de las actuaciones arbitrales y a colaborar con el tribunal arbitral en el desarrollo del arbitraje.

### Artículo 39.- Demanda y contestación.

1. Dentro del plazo convenido por las partes o determinado por el tribunal arbitral y a menos que las partes hayan acordado algo distinto respecto del contenido de la demanda y de la contestación, el demandante deberá alegar los hechos en que se funda, la naturaleza y las circunstancias de la controversia y las pretensiones que formula y el demandado deberá establecer su posición respecto a lo planteado en la demanda.

2. Las partes, al plantear su demanda y contestación, deberán aportar todos los documentos que consideren pertinentes o hacer referencia a los documentos u otras pruebas que vayan a presentar o proponer.

3. Salvo acuerdo en contrario, en el curso de las actuaciones, cualquiera de las partes podrá modificar o ampliar su demanda o contestación, a menos que el tribunal arbitral considere que no corresponde permitir esa modificación en razón de la demora con que se hubiere hecho, el perjuicio que pudiera causar a la otra parte o cualesquiera otras circunstancias. El contenido de la modificación y de la ampliación de la demanda o contestación, deberán estar incluidos dentro de los alcances del convenio arbitral.

4. Salvo pacto en contrario, el tribunal arbitral no puede disponer la consolidación de dos o más arbitrajes, o disponer la realización de audiencias conjuntas.

### Artículo 40.- Competencia del tribunal arbitral.

El tribunal arbitral es competente para conocer el fondo de la controversia y para decidir sobre cualesquiera cuestiones conexas y accesorias a ella que se promueva durante las actuaciones arbitrales, así como para dictar las reglas complementarias para la adecuada conducción y desarrollo de las mismas.

### Artículo 41.- Competencia para decidir la competencia del tribunal arbitral.

1. El tribunal arbitral es el único competente para decidir sobre su propia competencia, incluso sobre las excepciones u objeciones al arbitraje relativas a la inexistencia, nulidad, anulabilidad, invalidez o ineficacia del convenio arbitral o por no estar pactado el arbitraje para resolver la materia controvertida o cualesquiera otras cuya estimación impida entrar en el fondo de la controversia. Se encuentran comprendidas en este ámbito las excepciones por prescripción, caducidad, cosa juzgada y cualquier otra que tenga por objeto impedir la continuación de las actuaciones arbitrales.

2. El convenio arbitral que forme parte de un contrato se considerará como un acuerdo independiente de las demás estipulaciones del mismo. La inexistencia, nulidad, anulabilidad, invalidez o ineficacia de un contrato que contenga un convenio arbitral, no implica necesariamente la inexistencia, nulidad, anulabilidad, invalidez o ineficacia de éste. En consecuencia, el tribunal arbitral podrá decidir sobre la controversia sometida a su conocimiento, la que podrá versar, incluso, sobre la inexistencia, nulidad, anulabilidad, invalidez o ineficacia del contrato que contiene un convenio arbitral.

3. Las excepciones u objeciones deberán oponerse a más tardar en el momento de presentar la contestación, sin que el hecho de haber nombrado o participado en el nombramiento de los árbitros impida oponerlas. La excepción u objeción basada en que el tribunal arbitral ha excedido el ámbito de su competencia deberá oponerse tan pronto como sea planteada durante las actuaciones arbitrales, la materia que supuestamente exceda su competencia. El tribunal arbitral sólo podrá admitir excepciones u objeciones planteadas con posterioridad si la demora resulta justificada. El tribunal arbitral podrá considerar, sin embargo, estos temas por iniciativa propia, en cualquier momento.

4. Salvo pacto en contrario, el tribunal arbitral decidirá estas excepciones u objeciones con carácter previo o junto con las demás cuestiones sometidas a su decisión relativas al fondo de la controversia. Si el tribunal arbitral desestima la excepción u objeción, sea como cuestión previa o sea en el laudo por el que se resuelve definitivamente la controversia, su desición sólo podrá ser impugnada mediante recurso de anulación contra dicho laudo.

5. Si el tribunal arbitral ampara la excepción como cuestión previa, se declarará incompetente y ordenará la terminación de las actuaciones arbitrales. Esta decisión podrá ser impugnada mediante recurso de anulación. Si el tribunal arbitral ampara la excepción como cuestión previa respecto de

determinadas materias, las actuaciones arbitrales continuarán respecto de las demás materias y la desición sólo podrá ser impugnada mediante recurso de anulación luego de emitirse el laudo por el que se resuelve definitivamente la controversia.

### Artículo 42.- Audiencias.

1. El tribunal arbitral decidirá si han de celebrarse audiencias para la presentación de alegaciones, la actuación de pruebas y la emisión de conclusiones, o si las actuaciones serán solamente por escrito. No obstante, el tribunal arbitral celebrará audiencias en la fase apropiada de las actuaciones, a petición de una de las partes, a menos que ellas hubiesen convenido que no se celebrarán audiencias.

2. Las partes serán citadas a todas las audiencias con suficiente antelación y podrán intervenir en ellas directamente o por medio de sus representantes.

3. Salvo acuerdo distinto de las partes o decisión del tribunal arbitral, todas las audiencias y reuniones serán privadas.

4. De todas las alegaciones escritas, documentos y demás información que una parte aporte al tribunal arbitral se pondrá en conocimiento de la otra parte. Asimismo, se pondrá a disposición de las partes cualquier otro material perteneciente a la controversia que sea entregado al tribunal arbitral por las partes o por cualquier tercero y en los que puedan fundar su decisión.

### Artículo 43.- Pruebas.

1. El tribunal arbitral tiene la facultad para determinar de manera exclusiva la admisión, pertinencia, actuación y valor de las pruebas y para ordenar en cualquier momento la presentación o la actuación de las pruebas que estime necesarios.

2. El tribunal arbitral está facultado asimismo para prescindir motivadamente de las pruebas ofrecidas y no actuadas, según las circunstancias del caso.

### Artículo 44.- Peritos.

1. El tribunal arbitral podrá nombrar, por iniciativa propia o a solicitud de alguna de las partes, uno o más peritos para que dictaminen sobre materias concretas. Asimismo requerirá a cualquiera de las partes para que facilite al perito toda la información pertinente presentando los documentos u objetos necesarios o facilitando el acceso a éstos.

2. Después de presentado el dictamen pericial, el tribunal arbitral por propia iniciativa o a iniciativa de parte, convocará al perito a una audiencia en la que las partes, directamente o asistidas de peritos, podrán formular sus observaciones o solicitar que sustente la labor que ha desarrollado, salvo acuerdo en contrario de las partes.

3. Las partes pueden aportar dictámenes periciales por peritos libremente designados, salvo acuerdo en contrario.

### Artículo 45.- Colaboración judicial.

1. El tribunal arbitral o cualquiera de las partes con su aprobación, podrá pedir asistencia judicial para la actuación de pruebas, acompañando a su solicitud, las copias del documento que acredite la existencia del arbitraje y de la decisión que faculte a la parte interesada a recurrir a dicha asistencia, cuando corresponda.

2. Esta asistencia podrá consistir en la actuación del medio probatorio ante la autoridad judicial competente bajo su exclusiva dirección o en la adopción por dicha autoridad de las medidas concretas que sean necesarias para que la prueba pueda ser actuada ante el tribunal arbitral.

3. A menos que la actuación de la prueba sea manifiestamente contraria al orden público o a leyes prohibitivas expresas, la autoridad judicial competente se limitará a cumplir, sin demora, con la solicitud de asistencia, sin entrar a calificar acerca de su procedencia y sin admitir oposición o recurso alguno contra la resolución que a dichos efectos dicte.

4. En caso de actuación de declaraciones ante la autoridad judicial competente, el tribunal arbitral podrá, de estimarlo pertinente, escuchar dichas declaraciones, teniendo la oportunidad de formular preguntas.

### Artículo 46.- Parte renuente.
Salvo acuerdo en contrario de las partes, cuando sin alegar causa suficiente a criterio del tribunal arbitral:

a. El demandante no presente su demanda en plazo, el tribunal arbitral dará por terminadas las actuaciones, a menos que, oído el demandado, éste manifieste su voluntad de ejercitar alguna pretensión.

b. El demandado no presente su contestación en plazo, el tribunal arbitral continuará las actuaciones, sin que esa omisión se considere como una aceptación de las alegaciones del demandante.

c. Una de las partes no comparezca a una audiencia, no presente pruebas o deje de ejercer sus derechos en cualquier momento, el tribunal arbitral podrá continuar las actuaciones y dictar el laudo con fundamento en las pruebas que tenga a su disposición.

### Artículo 47.- Medidas cautelares.

1. Una vez constituido, el tribunal arbitral, a petición de cualquiera de las partes, podrá adoptar

10

las medidas cautelares que considere necesarias para garantizar la eficacia del laudo, pudiendo exigir las garantías que estime conveniente para asegurar el resarcimiento de los daños y perjuicios que pueda ocasionar la ejecución de la medida.

2. Por medida cautelar se entenderá toda medida temporal, contenida en una decisión que tenga o no forma de laudo, por la que, en cualquier momento previo a la emisión del laudo que resuelva definitivamente la controversia, el tribunal arbitral ordena a una de las partes:

a. Que mantenga o restablezca el statu quo en espera de que se resuelva la controversia;

b. Que adopte medidas para impedir algún daño actual o inminente o el menoscabo del proceso arbitral, o que se abstenga de llevar a cabo ciertos actos que probablemente ocasionarían dicho daño o menoscabo al proceso arbitral;

c. Que proporcione algún medio para preservar bienes que permitan ejecutar el laudo subsiguiente; o

d. Que preserve elementos de prueba que pudieran ser relevantes y pertinentes para resolver la controversia.

3. El tribunal arbitral, antes de resolver, pondrá en conocimiento la solicitud a la otra parte. Sin embargo, podrá dictar una medida cautelar sin necesidad de poner en conocimiento a la otra parte, cuando la parte solicitante justifique la necesidad de no hacerlo para garantizar que la eficacia de la medida no se frustre. Ejecutada la medida podrá formularse reconsideración contra la decisión.

4. Las medidas cautelares solicitadas a una autoridad judicial antes de la constitución del tribunal arbitral no son incompatibles con el arbitraje ni consideradas como una renuncia a él. Ejecutada la medida, la parte beneficiada deberá iniciar el arbitraje dentro de los diez (10) días siguientes, si no lo hubiere hecho con anterioridad. Si no lo hace dentro de este plazo o habiendo cumplido con hacerlo, no se constituye el tribunal arbitral dentro de los noventa (90) días de dictada la medida, ésta caduca de pleno derecho.

5. Constituido el tribunal arbitral, cualquiera de las partes puede informar a la autoridad judicial de este hecho y pedir la remisión al tribunal del expediente del proceso cautelar. La autoridad judicial está obligada, bajo responsabilidad, a remitirlo en el estado en que se encuentre, sin perjuicio de que cualquiera de las partes pueda presentar al tribunal arbitral copia de los actuados del proceso cautelar. La demora de la autoridad judicial en la remisión, no impide al tribunal arbitral pronunciarse sobre la medida cautelar solicitada, dictada o impugnada. En este último caso, el tribunal arbitral tramitará la apelación interpuesta bajo los términos de una reconsideración contra la medida cautelar.

6. El tribunal arbitral está facultado para modificar, sustituir y dejar sin efecto las medidas cautelares que haya dictado así como las medidas cautelares dictadas por una autoridad judicial, incluso cuando se trate de decisiones judiciales firmes. Esta decisión podrá ser adoptada por el tribunal arbitral, ya sea a iniciativa de alguna de las partes o, en circunstancias excepcionales, por iniciativa propia, previa notificación a ellas.

7. El tribunal arbitral podrá exigir a cualquiera de las partes que dé a conocer, sin demora, todo cambio importante que se produzca en las circunstancias que motivaron que la medida se solicitara o dictara.

8. El solicitante de una medida cautelar será responsable de los costos y de los daños y perjuicios que dicha medida ocasione a alguna de las partes, siempre que el tribunal arbitral determine ulteriormente que, en las circunstancias del caso, no debería haberse otorgado la medida. En ese caso, el tribunal arbitral podrá condenar al solicitante, en cualquier momento de las actuaciones, al pago de los costos y de los daños y perjuicios.

9. En el arbitraje internacional, las partes durante el transcurso de las actuaciones pueden también solicitar a la autoridad judicial competente, previa autorización del tribunal arbitral, la adopción de las medidas cautelares que estimen convenientes.

**Artículo 48.- Ejecución de medidas cautelares dictadas por el tribunal arbitral.**

1. El tribunal arbitral está facultado para ejecutar, a pedido de parte, sus medidas cautelares, salvo que, a su sola discreción, considere necesario o conveniente requerir la asistencia de la fuerza pública.

2. En los casos de incumplimiento de la medida cautelar o cuando se requiera de ejecución judicial, la parte interesada recurrirá a la autoridad judicial competente, quien por el solo mérito de las copias del documento que acredite la existencia del arbitraje y de la decisión cautelar, procederá a ejecutar la medida sin admitir recursos ni oposición alguna.

3. La autoridad judicial no tiene competencia para interpretar el contenido ni los alcances de la medida cautelar. Cualquier solicitud de aclaración o precisión sobre los mismos o sobre la ejecución cautelar, será solicitada por la autoridad judicial o por las partes al tribunal arbitral. Ejecutada la medida, la autoridad judicial informará al tribunal arbitral y remitirá copia certificada de los actuados.

4. Toda medida cautelar ordenada por un tribunal arbitral cuyo lugar se halle fuera del

territorio peruano podrá ser reconocida y ejecutada en el territorio nacional, siendo de aplicación lo dispuesto en los artículos 75, 76 y 77, con las siguientes particularidades:

a. Se podrá denegar la solicitud de reconocimiento, sólo por las causales a, b, c y d del numeral 2 del artículo 75 o cuando no se dé cumplimiento a lo dispuesto en el inciso d. de este numeral.

b. La parte que pida el reconocimiento de la medida cautelar deberá presentar el original o copia de la decisión del tribunal arbitral, debiendo observar lo previsto en el artículo 9.

c. Los plazos dispuestos en los numerales 2 y 3 del artículo 76 serán de diez (10) días.

d. La autoridad judicial podrá exigir a la parte solicitante que preste una garantía adecuada, cuando el tribunal arbitral no se haya pronunciado aún sobre tal garantía o cuando esa garantía sea necesaria para proteger los derechos de terceros. Si no se da cumplimiento, la autoridad judicial podrá rechazar la solicitud de reconocimiento.

e. La autoridad judicial que conoce de la ejecución de la medida cautelar podrá rechazar la solicitud, cuando la medida cautelar sea incompatible con sus facultades, a menos que decida reformular la medida para ajustarla a sus propias facultades y procedimientos a efectos de poderla ejecutar, sin modificar su contenido ni desnaturalizarla.

### Artículo 49.- Reconsideración.

1. Las decisiones del tribunal arbitral, distintas al laudo, pueden ser reconsideradas a iniciativa de una de las partes o del tribunal arbitral, por razones debidamente motivadas, dentro del plazo establecido por las partes, por el reglamento arbitral aplicable o por el tribunal arbitral. A falta de determinación del plazo, la reconsideración debe presentarse dentro de los tres (3) días siguientes de notificada la decisión.

2. Salvo acuerdo en contrario, esta reconsideración no suspende la ejecución de la decisión.

### Artículo 50.- Transacción.

1. Si durante las actuaciones arbitrales las partes llegan a un acuerdo que resuelva la controversia en forma total o parcial, el tribunal arbitral dará por terminadas las actuaciones con respecto a los extremos acordados y, si ambas partes lo solicitan y el tribunal arbitral no aprecia motivo para oponerse, hará constar ese acuerdo en forma de laudo en los términos convenidos por las partes sin necesidad de motivación, teniendo dicho laudo la misma eficacia que cualquier otro laudo dictado sobre el fondo de la controversia.

2. Las actuaciones continuarán respecto de los extremos de la controversia que no hayan sido objeto de acuerdo.

### Artículo 51.- Confidencialidad.

1. Salvo pacto en contrario, el tribunal arbitral, el secretario, la institución arbitral y, en su caso, los testigos, peritos y cualquier otro que intervenga en las actuaciones arbitrales, están obligados a guardar confidencialidad sobre el curso de las mismas, incluido el laudo, así como sobre cualquier información que conozcan a través de dichas actuaciones, bajo responsabilidad.

2. Este deber de confidencialidad también alcanza a las partes, sus representantes y asesores legales, salvo cuando por exigencia legal sea necesario hacer público las actuaciones o, en su caso, el laudo para proteger o hacer cumplir un derecho o para interponer el recurso de anulación o ejecutar el laudo en sede judicial.

3. En todos los arbitrajes regidos por este Decreto Legislativo en los que interviene el Estado peruano como parte, las actuaciones arbitrales estarán sujetas a confidencialidad y el laudo será público, una vez terminadas las actuaciones.

## TÍTULO V

### LAUDO

### Artículo 52.- Adopción de decisiones.

1. El tribunal arbitral funciona con la concurrencia de la mayoría de los árbitros. Toda decisión se adoptará por mayoría, salvo que las partes hubiesen dispuesto algo distinto. Si no hubiese mayoría, la decisión será tomada por el presidente.

2. Los árbitros tienen la obligación de votar en todas las decisiones. Si no lo hacen, se considera que se adhieren a la decisión en mayoría o a la del presidente, según corresponda.

3. Salvo acuerdo en contrario de las partes o de los árbitros, el presidente podrá decidir por sí solo cuestiones de ordenación, tramitación e impulso de las actuaciones arbitrales.

### Artículo 53.- Plazo.
La controversia debe decidirse y notificarse dentro del plazo establecido por las partes, por el reglamento arbitral aplicable o, en su defecto, por el tribunal arbitral.

### Artículo 54.- Laudos.
Salvo acuerdo en contrario de las partes, el tribunal arbitral decidirá la controversia en un solo laudo o en tantos laudos parciales como estime necesarios.

### Artículo 55.- Forma del laudo.

1. Todo laudo deberá constar por escrito y ser firmado por los árbitros, quienes podrán expresar su opinión discrepante. Cuando haya más de un árbitro, bastarán las firmas de la mayoría de los miembros o sólo la del presidente, según corresponda, siempre que se manifiesten las razones de la falta de una o más firmas.

2. Para estos efectos, se entenderá que el laudo consta por escrito cuando de su contenido y firmas quede constancia y sean accesibles para su ulterior consulta en soporte electrónico, óptico o de otro tipo.

3. Se entiende que el árbitro que no firma el laudo ni emite su opinión discrepante se adhiere a la decisión en mayoría o la del presidente, según corresponda.

### Artículo 56.- Contenido del laudo.

1. Todo laudo deberá ser motivado, a menos que las partes hayan convenido algo distinto o que se trate de un laudo pronunciado en los términos convenidos por las partes conforme al artículo 50. Constarán en el laudo la fecha en que ha sido dictado y el lugar del arbitraje determinado de conformidad con el numeral 1 del artículo 35. El laudo se considera dictado en ese lugar.

2. El tribunal arbitral se pronunciará en el laudo sobre la asunción o distribución de los costos del arbitraje, según lo previsto en el artículo 73.

### Artículo 57.- Normas aplicables al fondo de la controversia.

1. En el arbitraje nacional, el tribunal arbitral decidirá el fondo de la controversia, de acuerdo a derecho.

2. En el arbitraje internacional, el tribunal arbitral decidirá la controversia de conformidad con las normas jurídicas elegidas por las partes como aplicables al fondo de la controversia. Se entenderá que toda indicación del derecho u ordenamiento jurídico de un Estado determinado se re. ere, a menos que se exprese lo contrario, al derecho sustantivo de ese Estado y no a sus normas de conflicto de leyes. Si las partes no indican las normas jurídicas aplicables, el tribunal arbitral aplicará las que estime apropiadas.

3. En cualquiera de los supuestos previstos en los numerales 1 y 2 de este artículo, el tribunal arbitral decidirá en equidad o en conciencia, sólo si las partes le han autorizado expresamente para ello.

4. En todos los casos, el tribunal arbitral decidirá con arreglo a las estipulaciones del contrato y tendrá en cuenta los usos y prácticas aplicables.

### Artículo 58.- Rectificación, interpretación, integración y exclusión del laudo.

1. Salvo acuerdo distinto de las partes o disposición diferente del reglamento arbitral aplicable:

a. Dentro de los quince (15) días siguientes a la notificación del laudo, cualquiera de las partes puede solicitar la rectificación de cualquier error de cálculo, de trascripción, tipográfico o informático o de naturaleza similar.

b. Dentro de los quince (15) días siguientes a la notificación del laudo, cualquiera de las partes puede solicitar la interpretación de algún extremo oscuro, impreciso o dudoso expresado en la parte decisoria del laudo o que influya en ella para determinar los alcances de la ejecución.

c. Dentro de los quince (15) días siguientes a la notificación del laudo, cualquiera de las partes puede solicitar la integración del laudo por haberse omitido resolver cualquier extremo de la controversia sometida a conocimiento y decisión del tribunal arbitral.

d. Dentro de los quince (15) días siguientes a la notificación del laudo, cualquiera de las partes puede solicitar la exclusión del laudo de algún extremo que hubiera sido objeto de pronunciamiento, sin que estuviera sometido a conocimiento y decisión del tribunal arbitral o que no sea susceptible de arbitraje.

e. El tribunal arbitral pondrá la solicitud en conocimiento de la otra parte por quince (15) días. Vencido dicho plazo, con la absolución o sin ella, el tribunal arbitral resolverá la solicitud en un plazo de quince (15) días. Este plazo puede ser ampliado a iniciativa del tribunal arbitral por quince (15) días adicionales.

f. El tribunal arbitral podrá también proceder a iniciativa propia a la rectificación, interpretación o integración del laudo, dentro de los diez (10) días siguientes a la notificación del laudo.

2. La rectificación, interpretación, integración y exclusión formará parte del laudo. Contra esta decisión no procede reconsideración. La notificación de estas decisiones deberá realizarse dentro del plazo pactado por las partes, establecido en el reglamento arbitral aplicable o, en su defecto, en este artículo.

3. Si el tribunal arbitral no se pronuncia acerca de la rectificación, interpretación, integración y exclusión solicitadas dentro del plazo pactado por las partes, establecido en el reglamento arbitral aplicable o, en su defecto, en este artículo, se considerará que la solicitud ha sido denegada. No surtirá efecto cualquier decisión sobre rectificación, interpretación, integración y exclusión del laudo que sea notificada fuera de plazo.

### Artículo 59.- Efectos del laudo.

13

*Dirección de Arbitraje Administrativo del OSCE*

1. Todo laudo es definitivo, inapelable y de obligatorio cumplimiento desde su notificación a las partes.

2. El laudo produce efectos de cosa juzgada.

3. Si la parte obligada no cumple con lo ordenado por el laudo, en la forma y en los plazos establecidos, o en su defecto, dentro de los quince (15) días de notificada con el laudo o con las rectificaciones, interpretaciones, integraciones y exclusiones del laudo, cuando corresponda; la parte interesada podrá pedir la ejecución del laudo a la autoridad judicial competente, salvo que resulte aplicable el artículo 67.

**Artículo 60.- Terminación de las actuaciones.**

1. Las actuaciones arbitrales terminarán y el tribunal arbitral cesará en sus funciones con el laudo por el que se resuelva definitivamente la controversia y, en su caso, con las rectificaciones, interpretaciones, integraciones y exclusiones del laudo, sin perjuicio de lo dispuesto en el artículo 67.

2. El tribunal arbitral también ordenará la terminación de las actuaciones:

a. Cuando el demandante se desista de su demanda, a menos que el demandado se oponga a ello y el tribunal arbitral le reconozca un interés legítimo en obtener una solución definitiva de la controversia.

b. Cuando las partes acuerden dar por terminadas las actuaciones.

c. Cuando el tribunal arbitral compruebe que la continuación de las actuaciones resulta innecesaria o imposible.

**Artículo 61.- Conservación de las actuaciones.**

1. Transcurrido el plazo que las partes hayan señalado a este fin o, en su defecto, el de tres (3) meses desde la terminación de las actuaciones, cesará la obligación del tribunal arbitral de conservar la documentación del arbitraje. Dentro de ese plazo, cualquiera de las partes podrá solicitar al tribunal arbitral que le remita los documentos presentados por ella. El tribunal arbitral accederá a la solicitud siempre que no atente contra el secreto de la deliberación arbitral y que el solicitante asuma los gastos correspondientes.

2. Cualquiera de las partes también puede solicitar, a su costo, que las actuaciones sean remitidas en custodia a las Cámaras de Comercio o instituciones arbitrales que ofrezcan servicios de conservación y archivo de actuaciones arbitrales.

3. Si se interpone recurso de anulación contra el laudo, el tribunal arbitral tiene la obligación de conservar las actuaciones originales y de expedir las copias pertinentes que solicite la parte interesada, a su costo. Resuelto el recurso en definitiva, serán de aplicación los numerales 1 y 2 de este artículo, siempre que no deba reiniciarse las actuaciones o no deba entregarse éstas a un nuevo tribunal arbitral o la autoridad judicial para que resuelva la controversia.

## TÍTULO VI

## ANULACIÓN Y EJECUCIÓN DEL LAUDO

### Artículo 62.- Recurso de anulación.

1. Contra el laudo sólo podrá interponerse recurso de anulación. Este recurso constituye la única vía de impugnación del laudo y tiene por objeto la revisión de su validez por las causales taxativamente establecidas en el artículo 63.

2. El recurso se resuelve declarando la validez o la nulidad del laudo. Está prohibido bajo responsabilidad, pronunciarse sobre el fondo de la controversia o sobre el contenido de la decisión o calificar los criterios, motivaciones o interpretaciones expuestas por el tribunal arbitral.

### Artículo 63.- Causales de anulación.

1. El laudo sólo podrá ser anulado cuando la parte que solicita la anulación alegue y pruebe:

a. Que el convenio arbitral es inexistente, nulo, anulable, inválido o ineficaz.

b. Que una de las partes no ha sido debidamente notificada del nombramiento de un árbitro o de las actuaciones arbitrales, o no ha podido por cualquier otra razón, hacer valer sus derechos.

c. Que la composición del tribunal arbitral o las actuaciones arbitrales no se han ajustado al acuerdo entre las partes o al reglamento arbitral aplicable, salvo que dicho acuerdo o disposición estuvieran en conflicto con una disposición de este Decreto Legislativo de la que las partes no pudieran apartarse, o en defecto de dicho acuerdo o reglamento, que no se han ajustado a lo establecido en este Decreto Legislativo.

d. Que el tribunal arbitral ha resuelto sobre materias no sometidas a su decisión.

e. Que el tribunal arbitral ha resuelto sobre materias que, de acuerdo a ley, son manifiestamente no susceptibles de arbitraje, tratándose de un arbitraje nacional.

f. Que según las leyes de la República, el objeto de la controversia no es susceptible de arbitraje o el laudo es contrario al orden público internacional, tratándose de un arbitraje internacional.

g. Que la controversia ha sido decidida fuera del plazo pactado por las partes, previsto en el

14

reglamento arbitral aplicable o establecido por el tribunal arbitral.

2. Las causales previstas en los incisos a, b, c y d del numeral 1 de este artículo sólo serán procedentes si fueron objeto de reclamo expreso en su momento ante el tribunal arbitral por la parte afectada y fueron desestimadas.

3. Tratándose de las causales previstas en los incisos d. y e. del numeral 1 de este artículo, la anulación afectará solamente a las materias no sometidas a arbitraje o no susceptibles de arbitraje, siempre que puedan separarse de las demás; en caso contrario, la anulación será total. Asimismo, la causal prevista en el inciso e podrá ser apreciada de oficio por la Corte Superior que conoce del recurso de anulación.

4. La causal prevista en el inciso g. del numeral 1 de este artículo sólo será procedente si la parte afectada lo hubiera manifestado por escrito de manera inequívoca al tribunal arbitral y su comportamiento en las actuaciones arbitrales posteriores no sea incompatible con este reclamo.

5. En el arbitraje internacional, la causal prevista en el inciso a. del numeral 1 de este artículo se apreciará de acuerdo con las normas jurídicas elegidas por las partes para regir el convenio arbitral, por las normas jurídicas aplicables al fondo de la controversia, o por el derecho peruano, lo que resulte más favorable a la validez y eficacia del convenio arbitral.

6. En el arbitraje internacional, la causal prevista en el inciso f. podrá ser apreciada de oficio por la Corte Superior que conoce del recurso de anulación.

7. No procede la anulación del laudo si la causal que se invoca ha podido ser subsanada mediante rectificación, interpretación, integración o exclusión del laudo y la parte interesada no cumplió con solicitarlos.

8. Cuando ninguna de las partes en el arbitraje sea de nacionalidad peruana o tenga su domicilio, residencia habitual o lugar de actividades principales en territorio peruano, se podrá acordar expresamente la renuncia al recurso de anulación o la limitación de dicho recurso a una o más causales establecidas en este artículo. Si las partes han hecho renuncia al recurso de anulación y el laudo se pretende ejecutar en territorio peruano, será de aplicación lo previsto en el título VIII.

### Artículo 64.- Trámite del recurso.

1. El recurso de anulación se interpone ante la Corte Superior competente dentro de los veinte (20) días siguientes a la notificación del laudo. Cuando se hubiere solicitado la rectificación, interpretación, integración o exclusión del laudo o se hubiese efectuado por iniciativa del tribunal arbitral, el recurso de anulación deberá interponerse dentro de los veinte (20) días de notificada la última decisión sobre estas cuestiones o de transcurrido el plazo para resolverlos, sin que el tribunal arbitral se haya pronunciado.

2. El recurso de anulación debe contener la indicación precisa de la causal o de las causales de anulación debidamente fundamentadas y acreditadas con los medios probatorios correspondientes. Sólo pueden ofrecerse documentos. Las partes podrán presentar las copias pertinentes de las actuaciones arbitrales que tengan en su poder. Excepcionalmente y por motivos atendibles, las partes o la Corte podrán solicitar que el tribunal arbitral remita las copias pertinentes de dichas actuaciones, no siendo necesario el envío de la documentación original. Asimismo el recurso de anulación debe contener cualquier otro requisito que haya sido pactado por las partes para garantizar el cumplimiento del laudo.

3. La Corte Superior competente resolverá de plano sobre la admisión a trámite del recurso dentro de los diez (10) días siguientes, excepto en el caso previsto en el numeral 4 del artículo 66 en el que previamente deberá cumplirse con el trámite que en él se establece. Una vez admitido a trámite el recurso de anulación, se dará traslado a la otra parte por el plazo de veinte (20) días para que exponga lo que estime conveniente y ofrezca los medios probatorios correspondientes. Sólo pueden ofrecerse documentos.

4. Vencido el plazo para absolver el traslado, se señalará fecha para la vista de la causa dentro de los veinte (20) días siguientes. En la vista de la causa, la Corte Superior competente podrá suspender las actuaciones judiciales por un plazo no mayor a seis (6) meses a fin de dar al tribunal arbitral la oportunidad de reanudar las actuaciones arbitrales o de adoptar cualquier otra medida que, a criterio de los árbitros elimine las causales alegadas para el recurso de anulación. En caso contrario, resolverá dentro de los veinte (20) días siguientes.

5. Contra lo resuelto por la Corte Superior sólo procede recurso de casación ante la Sala Civil de la Corte Suprema, cuando el laudo hubiera sido anulado en forma total o parcial.

### Artículo 65.- Consecuencias de la anulación.

1. Anulado el laudo, se procederá de la siguiente manera:

a. Si el laudo se anula por la causal prevista en el inciso a. del numeral 1 del artículo 63, la materia que fue objeto de arbitraje podrá ser demandada judicialmente, salvo acuerdo distinto de las partes. b. Si el laudo se anula por la causal prevista en el inciso

b. del numeral 1 del artículo 63, el tribunal arbitral debe reiniciar el arbitraje desde el momento

15

en que se cometió la violación manifiesta del derecho de defensa.

c. Si el laudo se anula por la causal prevista en el inciso c. del numeral 1 del artículo 63, las partes deberán proceder a un nuevo nombramiento de árbitros o, en su caso, el tribunal arbitral debe reiniciar el arbitraje en el estado en el que se no se observó el acuerdo de las partes, el reglamento o la norma aplicable.

d. Si el laudo, o parte de él, se anula por la causal prevista en el inciso d. del numeral 1 del artículo 63, la materia no sometida a arbitraje podrá ser objeto de un nuevo arbitraje, si estuviera contemplada en el convenio arbitral. En caso contrario, la materia podrá ser demandada judicialmente, salvo acuerdo distinto de las partes.

e. Si el laudo, o parte de él, se anula por la causal prevista en el inciso e. del numeral 1 del artículo 63, la materia no susceptible de arbitraje podrá ser demandada judicialmente.

f. Si el laudo se anula por la causal prevista en el inciso g. del numeral 1 del artículo 63, puede iniciarse un nuevo arbitraje, salvo que las partes acuerden componer un nuevo tribunal arbitral para que sobre la base de las actuaciones resuelva la controversia o, tratándose de arbitraje nacional, dentro de los quince (15) días siguientes de notificada la resolución que anula el laudo, decidan por acuerdo, que la Corte Superior que conoció del recurso de anulación resuelva en única instancia sobre el fondo de la controversia.

2. La anulación del laudo no perjudica las pruebas actuadas en el curso de las actuaciones arbitrales, las que podrán ser apreciadas a discreción por el tribunal arbitral o, en su caso, por la autoridad judicial.

**Artículo 66.- Garantía de cumplimiento.**

1. La interposición del recurso de anulación no suspende la obligación de cumplimiento del laudo ni su ejecución arbitral o judicial, salvo cuando la parte que impugna el laudo solicite la suspensión y cumpla con el requisito de la garantía acordada por las partes o establecida en el reglamento arbitral aplicable. Al examinar la admisión del recurso, la Corte Superior verificará el cumplimiento del requisito y, de ser el caso, concederá la suspensión.

2. Si no se ha acordado requisito alguno, a pedido de parte, la Corte Superior concederá la suspensión, si se constituye fianza bancaria solidaria, incondicionada y de realización automática en favor de la otra parte con una vigencia no menor a seis (6) meses renovables por todo el tiempo que dure el trámite del recurso y por una cantidad equivalente al valor de la condena contenida en el laudo.

3. Si la condena, en todo o en parte, es puramente declarativa o no es valorizable en dinero o si requiere de liquidación o determinación que no sea únicamente una operación matemática, el tribunal arbitral podrá señalar un monto razonable en el laudo para la constitución de la fianza bancaria en las mismas condiciones referidas en el numeral anterior, como requisito para disponer la suspensión de la ejecución, salvo acuerdo distinto de las partes.

4. La parte impugnante podrá solicitar la determinación del monto de la fianza bancaria prevista en el numeral anterior a la Corte Superior que conoce del recurso, cuando el tribunal arbitral no lo hubiera determinado. También podrá solicitar su graduación, cuando no estuviere de acuerdo con la determinación efectuada por el tribunal arbitral. La Corte Superior luego de dar traslado a la otra parte por tres (3) días, fijará el monto definitivo en decisión inimpugnable.

5. La garantía constituida deberá renovarse antes de su vencimiento mientras se encuentre en trámite el recurso, bajo apercibimiento de ejecución del laudo. Para tal efecto, la Corte Superior, a pedido de la parte interesada, de ser el caso, oficiará a las entidades financieras para facilitar la renovación.

6. Si el recurso de anulación es desestimado, la Corte Superior, bajo responsabilidad, entregará la fianza bancaria a la parte vencedora del recurso. En caso contrario, bajo responsabilidad, lo devolverá a la parte que interpuso el recurso.

**Artículo 67.- Ejecución arbitral.**

1. A solicitud de parte, el tribunal arbitral está facultado para ejecutar sus laudos y decisiones, siempre que medie acuerdo de las partes o se encuentre previsto en el reglamento arbitral aplicable.

2. Se exceptúa de lo dispuesto en el numeral anterior, el caso en el cual, a su sola discreción, el tribunal arbitral considere necesario o conveniente requerir la asistencia de la fuerza pública. En este caso, cesará en sus funciones sin incurrir en responsabilidad y entregará a la parte interesada, a costo de ésta, copia de los actuados correspondientes para que recurra a la autoridad judicial competente a efectos de la ejecución.

**Artículo 68.- Ejecución judicial.**

1. La parte interesada podrá solicitar la ejecución del laudo ante la autoridad judicial competente acompañando copia de éste y de sus rectificaciones, interpretaciones, integraciones y exclusiones y, en su caso, de las actuaciones de ejecución efectuada por el tribunal arbitral.

2. La autoridad judicial, por el solo mérito de los documentos referidos en el numeral anterior, dictará mandato de ejecución para que la parte ejecutada cumpla con su obligación dentro de un

16

plazo de cinco (5) días, bajo apercibimiento de ejecución forzada.

3. La parte ejecutada sólo podrá oponerse si acredita con documentos el cumplimiento de la obligación requerida o la suspensión de la ejecución conforme al artículo 66. La autoridad judicial dará traslado de la oposición a la otra parte por el plazo de cinco (5) días. Vencido este plazo, resolverá dentro de los cinco (5) días siguientes. La resolución que declara fundada la oposición es apelable con efecto suspensivo.

4. La autoridad judicial está prohibida, bajo responsabilidad, de admitir recursos que entorpezcan la ejecución del laudo.

### TÍTULO VII

### COSTOS ARBITRALES

**Artículo 69.- Libertad para determinar costos.**
Las partes tienen la facultad de adoptar, ya sea directamente o por referencia a reglamentos arbitrales, reglas relativas a los costos del arbitraje. A falta de acuerdo, el tribunal arbitral dispondrá lo conveniente, con sujeción a lo dispuesto en este título.

**Artículo 70.- Costos.**
El tribunal arbitral fijará en el laudo los costos del arbitraje. Los costos del arbitraje comprenden:

a. Los honorarios y gastos del tribunal arbitral.

b. Los honorarios y gastos del secretario.

c. Los gastos administrativos de la institución arbitral.

d. Los honorarios y gastos de los peritos o de cualquier otra asistencia requerida por el tribunal arbitral.

e. Los gastos razonables incurridos por las partes para su defensa en el arbitraje.

f. Los demás gastos razonables originados en las actuaciones arbitrales.

**Artículo 71.- Honorarios del tribunal arbitral.**
Los honorarios del tribunal arbitral y del secretario, en su caso, serán establecidos de manera razonable, teniendo en cuenta el monto en disputa, la dimensión y la complejidad del caso, el tiempo dedicado por los árbitros, el desarrollo de las actuaciones arbitrales, así como los usos y costumbres arbitrales y cualesquiera otras circunstancias pertinentes del caso.

**Artículo 72.- Anticipos.**

1. Una vez constituido, el tribunal arbitral podrá requerir a cada una de las partes que entregue un anticipo de los costos previstos en el artículo 70. En el curso de las actuaciones, el tribunal arbitral podrá requerir anticipos adicionales a las partes. Las partes asumirán los anticipos en proporciones iguales, sin perjuicio de lo que decida el tribunal arbitral sobre su distribución en el laudo.

2. Sin perjuicio de lo dispuesto en el numeral anterior, el tribunal arbitral, de estimarlo adecuado, según las circunstancias, puede disponer anticipos separados para cada una de las partes, teniendo en cuenta sus respectivas reclamaciones o pretensiones. En este caso, el tribunal arbitral sólo conocerá las reclamaciones que hayan sido cubiertas con los anticipos respectivos. De no cumplirse con la entrega de los anticipos, las respectivas reclamaciones o pretensiones podrán ser excluidas del ámbito del arbitraje.

3. Si una o ambas partes no efectúan el depósito de los anticipos que les corresponde dentro de los plazos conferidos, el tribunal arbitral podrá suspender las actuaciones arbitrales en el estado en que se encuentren. Si a criterio del tribunal arbitral transcurre un plazo razonable de suspensión sin que la parte obligada haya cumplido con su obligación o la otra parte haya asumido dicha obligación, el tribunal arbitral, a su entera discreción, podrá ordenar la terminación de las actuaciones arbitrales.

4. La decisión del tribunal arbitral de terminar las actuaciones ante el incumplimiento de la obligación del depósito de los anticipos correspondientes no perjudica el convenio arbitral. La misma regla se aplica a las reclamaciones excluidas del arbitraje por no encontrarse cubiertas con los respectivos anticipos.

5. El tribunal arbitral no podrá cobrar honorarios adicionales por la rectificación, interpretación, integración o exclusión del laudo. En caso de ejecución arbitral, de acuerdo a la complejidad y duración de la ejecución, podrán liquidarse honorarios adicionales.

**Artículo 73.- Asunción o distribución de costos.**

1. El tribunal arbitral tendrá en cuenta a efectos de imputar o distribuir los costos del arbitraje, el acuerdo de las partes. A falta de acuerdo, los costos del arbitraje serán de cargo de la parte vencida. Sin embargo, el tribunal arbitral podrá distribuir y prorratear estos costos entre las partes, si estima que el prorrateo es razonable, teniendo en cuenta las circunstancias del caso.

2. Cuando el tribunal arbitral ordene la terminación de las actuaciones arbitrales por transacción, desistimiento, declaración de incompetencia o por cualquier otra razón, fijará los costos del arbitraje en su decisión o laudo.

17

*Dirección de Arbitraje Administrativo del OSCE*

3. El tribunal arbitral decidirá también los honorarios definitivos del árbitro que haya sido sustituido en el cargo, de acuerdo al estado de las actuaciones arbitrales, en decisión definitiva e inimpugnable.

### TÍTULO VIII

### RECONOCIMIENTO Y EJECUCIÓN DE LAUDOS EXTRANJEROS

#### Artículo 74.- Normas aplicables.

1. Son laudos extranjeros los pronunciados en un lugar que se halle fuera del territorio peruano. Serán reconocidos y ejecutados en el Perú de conformidad con los siguientes instrumentos, teniendo en cuenta los plazos de prescripción previstos en el derecho peruano:

a. La Convención sobre el Reconocimiento y Ejecución de Sentencias Arbitrales Extranjeras, aprobada en Nueva York el 10 de junio de 1958, o

b. La Convención Interamericana de Arbitraje Comercial Internacional, aprobada en Panamá el 30 de enero de 1975, o

c. Cualquier otro tratado sobre reconocimiento y ejecución de laudos arbitrales del cual sea parte el Perú.

2. Salvo que las partes hayan acordado algo distinto, el tratado aplicable será el más favorable a la parte que solicite el reconocimiento y ejecución de un laudo extranjero.

#### Artículo 75.- Causales de denegación.

1. Este artículo será de aplicación a falta de tratado, o aun cuando exista éste, si estas normas son, en todo o en parte, más favorables a la parte que pida el reconocimiento del laudo extranjero, teniendo en cuenta los plazos de prescripción previstos en el derecho peruano.

2. Sólo se podrá denegar el reconocimiento de un laudo extranjero, a instancia de la parte contra la cual es invocada, si esta parte prueba:

a. Que una de las partes en el convenio arbitral estaba afectada por alguna incapacidad, o que dicho convenio no es válido, en virtud de la ley a la que las partes lo han sometido, o si nada se hubiera indicado al respecto, en virtud de la ley del país en que se haya dictado el laudo.

b. Que la parte contra la cual se invoca el laudo no ha sido debidamente notificada del nombramiento de un árbitro o de las actuaciones arbitrales, o no ha podido por cualquier otra razón, hacer valer sus derechos.

c. Que el laudo se refiere a una controversia no prevista en el convenio arbitral o contiene decisiones que exceden sus términos.

d. Que la composición del tribunal arbitral o las actuaciones arbitrales no se han ajustado al acuerdo celebrado entre las partes, o en defecto de tal acuerdo, que no se han ajustado a la ley del país donde se efectuó el arbitraje.

e. Que el laudo no es aún obligatorio para las partes o ha sido anulado o suspendido por una autoridad judicial competente del país en que, o conforme a cuya ley, ha sido dictado ese laudo.

3. También se podrá denegar el reconocimiento de un laudo extranjero si la autoridad judicial competente comprueba:

a. Que según el derecho peruano, el objeto de la controversia no puede ser susceptible de arbitraje.

b. Que el laudo es contrario al orden público internacional.

4. La causa prevista en el inciso a. del numeral 2 de este artículo no supondrá la denegación del reconocimiento del laudo, si la parte que la invoca ha comparecido a las actuaciones arbitrales y no ha invocado la incompetencia del tribunal arbitral por falta de validez del convenio arbitral o si el convenio arbitral es válido según el derecho peruano.

5. La causa prevista en el inciso b. del numeral 2 de este artículo no supondrá la denegación del reconocimiento del laudo, si la parte que la invoca ha comparecido a las actuaciones arbitrales y no ha reclamado oportunamente ante el tribunal arbitral la falta de notificación del nombramiento de un árbitro o de las actuaciones arbitrales o la vulneración a su derecho de defensa.

6. La causa prevista en el inciso c. del numeral 2 de este artículo no supondrá la denegación del reconocimiento del laudo, si éste se refiere a cuestiones sometidas al arbitraje que pueden separarse de las que no hayan sido sometidas al arbitraje.

7. La causa prevista en el inciso d. del numeral 2 de este artículo no supondrá la denegación del reconocimiento del laudo, si la parte que la invoca ha comparecido a las actuaciones arbitrales y no ha invocado la incompetencia del tribunal arbitral en virtud a que su composición no se ha ajustado al acuerdo de las partes o, en su defecto, a la ley del país donde se efectuó el arbitraje; o no ha denunciado oportunamente ante el tribunal arbitral que las actuaciones arbitrales no se han ajustado al acuerdo de las partes o, en su defecto, a la ley del país donde se efectuó el arbitraje.

18

8. Si se ha solicitado a una autoridad judicial competente del país en que, o conforme a cuya ley, ha sido dictado el laudo, la anulación o suspensión del laudo extranjero, según lo previsto en el inciso e. numeral 2 de este artículo; la Corte Superior competente que conoce del reconocimiento del laudo, si lo considera procedente, podrá aplazar su decisión sobre dicho reconocimiento y, a petición de la parte que pida el reconocimiento del laudo, podrá también ordenar a la otra parte que otorgue garantías apropiadas.

### Artículo 76.- Reconocimiento.

1. La parte que pida el reconocimiento de un laudo extranjero deberá presentar el original o copia del laudo, debiendo observar lo previsto en el artículo 9. La solicitud se tramita en la vía no contenciosa, sin intervención del Ministerio Público.

2. Admitida la solicitud, la Corte Superior competente dará traslado a la otra parte para que en un plazo de veinte (20) días exprese lo que estime conveniente. (*) RECTIFICADO POR FE DE ERRATAS

3. Vencido el plazo para absolver el traslado, se señalará fecha para la vista de la causa dentro de los veinte (20) días siguientes. En la vista de la causa, la Corte Superior competente podrá adoptar, de ser el caso, la decisión prevista en el numeral 8 del artículo 75. En caso contrario, resolverá dentro de los veinte (20) días siguientes.

4. Contra lo resuelto por la Corte Superior sólo procede recurso de casación, cuando no se hubiera reconocido en parte o en su totalidad el laudo.

### Artículo 77. Ejecución.

Reconocido, en parte o en su totalidad el laudo, conocerá de su ejecución la autoridad judicial competente, según lo previsto en el artículo 68.

### Artículo 78. Aplicación de la norma más favorable.

Cuando resulte de aplicación la Convención sobre el Reconocimiento y Ejecución de Sentencias Arbitrales Extranjeras, aprobada en Nueva York el 10 de junio de 1958, se tendrá presente lo siguiente:

1. Conforme a lo dispuesto en el párrafo 1) del artículo VII de la Convención, será de aplicación una o más de las disposiciones de este Decreto Legislativo, cuando resulten más favorables a la parte que solicita el reconocimiento y ejecución del laudo.

2. Conforme a lo dispuesto en el párrafo 1 del artículo VII de la Convención, la parte interesada podrá acogerse a los derechos que puedan corresponderle, en virtud de las leyes o los tratados de los cuales el Perú sea parte, para obtener el reconocimiento de la validez de ese convenio arbitral.

3. Cuando resulte de aplicación lo dispuesto en el párrafo 2) del artículo II de la Convención, esta disposición se aplicará reconociendo que las circunstancias que describe no son exhaustivas.

### DISPOSICIONES COMPLEMENTARIAS

**PRIMERA. Cámaras de Comercio.**
Para efectos de este Decreto Legislativo, se entiende por Cámaras de Comercio a las Cámaras de Comercio que existen en cada provincia de la República.

Cuando exista en una misma provincia más de una Cámara de Comercio, se entiende que la referencia es a la Cámara de Comercio de mayor antigüedad.

**SEGUNDA. Convenios de ejecución.**
Las instituciones arbitrales podrán celebrar convenios de cooperación con instituciones públicas y privadas a efectos de facilitar la ejecución de medidas cautelares o de laudos a cargo de tribunales arbitrales en el marco de este Decreto Legislativo.

**TERCERA. Cláusula compromisoria y compromiso arbitral.**
A partir de la entrada en vigencia de este Decreto Legislativo, todas las referencias legales o contractuales a cláusula compromisoria o compromiso arbitral, deberán entenderse referidas al convenio arbitral previsto en este Decreto Legislativo.

**CUARTA. Juez y tribunal arbitral.**
A partir de la entrada en vigencia de este Decreto Legislativo, todas las referencias legales a los jueces a efectos de resolver una controversia o tomar una decisión, podrán también entenderse referidas a un tribunal arbitral, siempre que se trate de una materia susceptible de arbitraje y que exista de por medio un convenio arbitral celebrado entre las partes.

**QUINTA. Designación de persona jurídica.**
Cuando se designe a una persona jurídica como árbitro, se entenderá que dicha designación está referida a su actuación para nombrar árbitros.

**SEXTA. Arbitraje estatutario.**
Puede adoptarse un convenio arbitral en el estatuto de una persona jurídica para resolver las controversias entre la persona jurídica y sus miembros, directivos, administradores, representantes y funcionarios o las que surjan entre ellos respecto de sus derechos u obligaciones o las relativas al cumplimiento de los estatutos o la validez de los acuerdos.

El convenio arbitral alcanza a todos los miembros, directivos, administradores, representantes y funcionarios que se incorporen a la sociedad así como a aquellos que al momento de suscitarse la controversia hubiesen dejado de serlo.

El convenio arbitral no alcanza a las convocatorias a juntas, asambleas y consejos o cuando

se requiera una autorización que exija la intervención del Ministerio Público.

### SÉTIMA. Arbitraje sucesorio.

Mediante estipulación testamentaria puede disponerse el sometimiento a arbitraje de las controversias que puedan surgir entre sucesores, o de ellos con los albaceas, incluyendo las relativas al inventario de la masa hereditaria, su valoración, administración y partición.

Si no hubiere testamento o el testamento no contempla una estipulación arbitral, los sucesores y los albaceas pueden celebrar un convenio arbitral para resolver las controversias previstas en el párrafo anterior.

### OCTAVA. Mora y resolución de contrato.

Para efectos de lo dispuesto en los artículos 1334 y 1428 del Código Civil, la referencia a la citación con la demanda se entenderá referida en materia arbitral a la recepción de la solicitud para someter la controversia a arbitraje.

### NOVENA. Prescripción.

Comunicada la solicitud de arbitraje, se interrumpe la prescripción de cualquier derecho a reclamo sobre la controversia que se propone someter a arbitraje, siempre que llegue a constituirse el tribunal arbitral.

Queda sin efecto la interrupción de la prescripción cuando se declara nulo un laudo o cuando de cualquier manera prevista en este Decreto Legislativo se ordene la terminación de las actuaciones arbitrales.

Es nulo todo pacto contenido en el convenio arbitral destinado a impedir los efectos de la prescripción.

### DÉCIMA. Prevalencia.

Las disposiciones procesales de esta norma respecto de cualquier actuación judicial prevalecen sobre las normas del Código Procesal Civil.

### UNDÉCIMA. Vía ejecutiva.

Para efectos de la devolución de honorarios de los árbitros, tiene mérito ejecutivo la decisión del tribunal arbitral o de la institución arbitral que ordena la devolución de dichos honorarios, así como la resolución judicial firme que anula el laudo por vencimiento del plazo para resolver la controversia.

### DUODÉCIMA. Acciones de garantía.

Para efectos de lo dispuesto en el inciso 2 del artículo 5 del Código Procesal Constitucional, se entiende que el recurso de anulación del laudo es una vía específica e idónea para proteger cualquier derecho constitucional amenazado o vulnerado en el curso del arbitraje o en el laudo.

### DÉCIMO TERCERA. Procedimiento pericial.

Este Decreto Legislativo será de aplicación, en lo que corresponda, a los procedimientos periciales en que las partes designan terceras personas para que resuelvan exclusivamente sobre cuestiones técnicas o cuestiones de hecho. La decisión de los peritos tendrá carácter vinculante para las partes y deberá ser observada por la autoridad judicial o tribunal arbitral que conozca de una controversia de derecho que comprenda las cuestiones dilucidadas por los peritos, salvo pacto en contrario.

### DÉCIMO CUARTA.- Ejecución de un laudo CIADI.

Para la ejecución del laudo expedido por un tribunal arbitral del Centro Internacional de Arreglo de Diferencias Relativas a Inversiones (CIADI) serán de aplicación las normas que regulan el procedimiento de ejecución de sentencias emitidas por tribunales internacionales, como si se tratare de una sentencia firme dictada por un tribunal existente en cualquier Estado, al amparo del Convenio sobre Arreglo de Diferencias Relativas a Inversiones entre Estados y Nacionales de otros Estados, aprobado en Washington el 18 de marzo de 1965.

## DISPOSICIONES TRANSITORIAS

### PRIMERA. Clase de arbitraje.

En el arbitraje nacional, los convenios arbitrales, o en su caso las cláusulas y compromisos arbitrales, celebrados con anterioridad a este Decreto Legislativo, que no estipulen expresamente la clase de arbitraje, se regirán por las siguientes reglas:

1. Las cláusulas y compromisos arbitrales celebrados bajo la vigencia del Código de Procedimientos Civiles de 1911 y el Código Civil de 1984 que no establecieron expresamente la clase de arbitraje, se entiende estipulado un arbitraje de derecho.

2. Los convenios arbitrales celebrados bajo la vigencia del Decreto Ley Nº 25935 que no establecieron expresamente la clase de arbitraje, se entiende estipulado un arbitraje de derecho.

3. Los convenios arbitrales celebrados bajo la vigencia de la Ley Nº 26572 que no establecieron expresamente la clase de arbitraje, se entiende estipulado un arbitraje de conciencia.

Salvo pacto en contrario, cualquier divergencia sobre la clase de arbitraje deberá ser decidida por el tribunal arbitral como cuestión previa a la presentación de la demanda.

### SEGUNDA. Actuaciones en trámite.

Salvo pacto en contrario, en los casos en que con anterioridad a la entrada en vigencia de este decreto legislativo, una parte hubiere recibido la solicitud para someter la controversia a arbitraje, las actuaciones arbitrales se regirán por lo dispuesto en la Ley Nº 26572, Ley General de Arbitraje.

**TERCERA. Reconocimiento y ejecución de laudos extranjeros.**

Los procesos de reconocimiento y ejecución de laudos extranjeros iniciados antes de la entrada en vigencia del presente decreto legislativo, se seguirán rigiendo por lo dispuesto en la Ley Nº 26572, Ley General de Arbitraje.

## DISPOSICIONES MODIFICATORIAS

**PRIMERA. Modificación del Código Civil.**

Agréguese un último párrafo al artículo 2058 del Código Civil aprobado por Decreto Legislativo Nº 295 con la siguiente redacción:

"Este artículo se aplica exclusivamente a la competencia de tribunales judiciales y no afecta la facultad que tienen las partes para someter a arbitraje acciones de contenido patrimonial".

**SEGUNDA. Modificación del Código Procesal Civil.**

Agréguese un último párrafo al artículo 384 del Código Procesal Civil del Texto Único Ordenado aprobado mediante Resolución Ministerial Nº 351-2004-JUS con la siguiente redacción:

"En los casos previstos en la Ley de Arbitraje, el recurso de casación tiene por finalidad la revisión de las resoluciones de las Cortes Superiores, para una correcta aplicación de las causales de anulación del laudo arbitral y de las causales de reconocimiento y ejecución de laudos extranjeros (*) RECTIFICADO POR FE DE ERRATAS."

**TERCERA. Modificación de la Ley General de Sociedades.**

1. Modifíquese el artículo 48 de la Ley Nº 26887, Ley General de Sociedades según la siguiente redacción:

"Artículo 48.- Arbitraje.
Los socios o accionistas pueden en el pacto o en el estatuto social adoptar un convenio arbitral para resolver las controversias que pudiera tener la sociedad con sus socios, accionistas, directivos, administradores y representantes, las que surjan entre ellos respecto de sus derechos u obligaciones, las relativas al cumplimiento de los estatutos o la validez de los acuerdos y para cualquier otra situación prevista en esta ley.

El convenio arbitral alcanza a los socios, accionistas, directivos, administradores y representantes que se incorporen a la sociedad así como a aquellos que al momento de suscitarse la controversia hubiesen dejado de serlo.

El convenio arbitral no alcanza a las convocatorias a juntas de accionistas o socios.

El pacto o estatuto social puede también contemplar un procedimiento de conciliación para

resolver la controversia con arreglo a la ley de la materia."

2. Modifíquese el cuarto párrafo del artículo 14 de la Ley Nº 26887, Ley General de Sociedades según la siguiente redacción:

"El gerente general o los administradores de la sociedad, según sea el caso, gozan de las facultades generales y especiales de representación procesal señaladas en el Código Procesal Civil y de las facultades de representación previstas en la Ley de Arbitraje, por el solo mérito de su nombramiento, salvo estipulación en contrario (*) RECTIFICADO POR FE DE ERRATAS."

3. Modifíquese el inciso 2 del artículo 188 de la Ley Nº 26887, Ley General de Sociedades según la siguiente redacción:

"2. Representar a la sociedad, con las facultades generales y especiales previstas en el Código Procesal Civil y las facultades previstas en la Ley de Arbitraje (*) RECTIFICADO POR FE DE ERRATAS."

**CUARTA. Modificación de la Ley de la Garantía Mobiliaria.**

Modifíquese el artículo 48 de la Ley Nº 28677, Ley de la Garantía Mobiliaria según la siguiente redacción:

"Artículo 48.- Arbitraje.
Las controversias que pudieran surgir durante la ejecución del bien mueble afectado en garantía mobiliaria, podrán ser sometidas a arbitraje, conforme a la ley de la materia."

## DISPOSICIÓN DEROGATORIA

**ÚNICA.** Deróguese el segundo párrafo del artículo 1399 y el artículo 2064 del Código Civil aprobado por Decreto Legislativo Nº 295 y la Ley Nº 26572, Ley General de Arbitraje.

## DISPOSICIONES FINALES

**PRIMERA. Arbitraje Popular.**

Declárese de interés nacional el acceso al arbitraje para la solución de controversias de todos los ciudadanos. Para tales efectos, el Ministerio de Justicia queda encargado de la creación y promoción de mecanismos que incentiven el desarrollo del arbitraje a favor de todos los sectores, así como de ejecutar acciones que contribuyan a la difusión y uso del arbitraje en el país, mediante la puesta en marcha de programas, bajo cualquier modalidad, que favorezcan el acceso de las mayorías a este medio de solución de controversias, a costos adecuados.

Estos programas serán conducidos por el Ministerio de Justicia y podrán ser ejecutados también en coordinación con cualquier entidad del sector público, con cualquier persona natural o jurídica del sector privado, o con cualquier institución

21

u organismo nacional o internacional, mediante celebración de convenios bajo cualquier modalidad.

El Ministerio de Justicia podrá también promover la creación de instituciones arbitrales mediante la aprobación de formularios tipo para la constitución de instituciones arbitrales en forma de asociaciones, así como reglamentos arbitrales tipo.

CONCORDANCIAS:       D.S.      Nº      016-2008-JUS (Crean el Programa de Arbitraje Popular)
                                    R.M.    Nº    0639-2008-JUS (Aprueban Estatuto y Reglamento Arbitral del Centro de Arbitraje Popular del Ministerio de Justicia, asi como Tabla de Aranceles)

**SEGUNDA. Adecuación.**
Las instituciones arbitrales adecuarán hasta el 31 de agosto de 2008, en cuanto fuera necesario, sus respectivos reglamentos, incluso aquellos aprobados por norma legal, a lo dispuesto en el presente Decreto Legislativo.

**TERCERA. Vigencia.**
El presente Decreto Legislativo entrará en vigencia el 1 de setiembre de 2008, salvo lo dispuesto en la Segunda Disposición Final, la que entrará en vigencia al día siguiente de la publicación de la presente norma.

POR TANTO:

Mando se publique y cumpla, dando cuenta al Congreso de la República.

Dado en la Casa de Gobierno, en Lima, a los veintisiete días del mes de junio del año dos mil ocho.

ALAN GARCÍA PÉREZ
Presidente Constitucional de la República

JORGE DEL CASTILLO GÁLVEZ
Presidente del Consejo de Ministros

ROSARIO   DEL   PILAR   FERNÁNDEZ FIGUEROA
Ministra de Justicia